LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Peter M. Tuttman *
Warren S. Robins ◊
Brian T. Keane ◊°
Richard L. Ravin *°□
Andrew T. Wolfe ◊
Jon E. Linder*

Writer's E-mail:
Rick@Ravin.com
Writer's Web Site:
www.Ravin.com

W.115 CENTURY ROAD
PARAMUS, NEW JERSEY 07652
(201) 967-8040

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

———————
FACSIMILE
(201) 857-4124

———————
WEBSITE
www.hartmanwinnicki.com

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

\* New York and New Jersey Bars
° Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

**REPLY TO:**
**RIDGEWOOD OFFICE**

May 22, 2015

**VIA ECF**

Honorable James B. Clark, III, U.S.M.J.
Frank R. Lautenberg U.S. P.O. & Courthouse
Courtroom No. 1
1 Federal Square
Newark, New Jersey 07102

> Re: **East Coast Test Prep LLC, et al.**
> **v. Allnurses.com, Inc., et al.**
> **Civil Action No. 15-cv-3202 (MCA) (JBC)**
> **Our File No. 11299-001**

Dear Judge Clark:

Attached please find four forms of subpoenas being submitted in connection with Plaintiff's letter application for subpoenas dated and filed on May 21, 2015 (ECF 10, preceding the filing of this letter and enclosures by three hours).

Attached hereto are the following four forms of subpoena:

1. a subpoena for the production of documents to Defendant Allnurses.com, Inc.,

2. a subpoena for the production of documents to Defendant Brian Short,

3. a subpoena for the deposition of a person(s) with knowledge as to certain matters, pursuant to Rule 30(b)(6) to Allnurses.com, Inc., and

4. a subpoena for the deposition of Brian Short.

Honorable James B. Clark, III, U.S.M.J.
May 22, 2015
Page 2 of 2

Respectfully,

Hartman & Winnicki, P.C.

By: _____
Richard L. Ravin, Esq.

Enclosures

cc:     Keith Miller, Esq. (via ECF and email KMiller@rwmlegal.com )
        Mark Olynyk, President, East Coast Test Prep, LLC (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST TEST PREP LLC d/b/a Achieve Test Prep, and MARK OLYNK, | CIVIL ACTION NO. 15-cv-03202 (MCA)(JBC) |
| Plaintiffs, | |
| v. | |
| ALLNURSES.COM, INC., BRIAN SHORT, R.N., ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
| Defendants. | |

## SUBPOENA
## TO PRODUCE DOCUMENTS

**To:**    Allnurses.com, Inc.
           261 School Avenue
           Suite 300
           Excelsior, Minnesota 55331

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents requested electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material on the attached "Rider".

Place:          Robert T. Kugler, Esq.,
                Stinson Leonard Street LLP,
                150 South Fifth Street,
                Suite 2300, Minneapolis, MN 55402

Date and Time:          _____

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____              _____
                                   Richard L. Ravin, Esq.

The name, address, e-mail address, and telephone number of the attorney representing the Plaintiff, East Coast Test Prep LLC d/b/a Achieve Test Prep LLC and Mark Olynyk, who issued this subpoena, is:

    Richard L. Ravin, Esq.
    Hartman & Winnicki, P.C.
    74 Passaic Street
    Ridgewood, New Jersey 07450
    (201) 967-8040
    Rick@ravin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

2

Civil Action No. 15-cv-03202(MCA)(JBC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

\_\_\_     I served the subpoena by delivering a copy to the named person as follows: _____ on _____*(date)*; or

\_\_\_     I returned the subpoena unexecuted because: _____ _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.00

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                      *Server's signature*

                                                 _____
                                                      *Printed name and title*

                                                 _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

3

# Federal Rule of Civil Procedure 45 (c), **(d),** (e), **and** (g) **(Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is

employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(l)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45( d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(l)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.*

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.

4

If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**RIDER**
**(TO ALLNURSES.COM, INC., SUBPOENA**
**TO PRODUCE DOCUMENTS)**

**DOCUMENT PRODUCTION**

**DEFINITIONS**

As used herein, the following terms shall have the indicated meanings

1.      The terms "you" or "your" means Allnurses.com, Inc., and all of its, agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on his/its behalf.

2.      The term "Plaintiffs" means East Coast Test Prep LLC d/b/a Achieve Test Prep and Mark Olynyk, and all their agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on their behalf.

3.      The term "Amended Complaint" means the First Amended Complaint filed in this action.

4.      The term "Answer" means the Answer to Amended Complaint filed by Defendants, if any, in this action.

5.      The term "document" or "documents" means writings or records of any type or description, whether handwritten, typewritten, printed, digital, optical, electronic, photostatic, photographic, dictated or recorded by any means and in whatever format, whether in writing, electronic, digital, optical, magnetic or otherwise and no matter how preserved or stored, such as, disk, diskette, CD Rom, DVD, magnetic tape, audio recording, video recording, or otherwise, irrespective of the manner or medium by which the copy was made or is now maintained. The term "document" is used in the broadest sense permissible under the Rules of Civil Procedure, and includes, without limitation, emails, writings; correspondence; records; tables; charts; graphs; reports; notes; telegrams; telexes; telefax transmittals; cables; messages; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra-and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained.  The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date,

copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

6.      The term "communication" includes, but is not limited to, any written, oral or electronic communication, including without limitation any conversation (whether face-to-face by telephone or otherwise) transaction, negotiation, act, conduct or performance by any method, form or means through which property, information, questions, answers, instructions, orders, requests, applications, agreements or decisions may be transmitted or conveyed to or received or derived from, a person.

7.      As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

8.      The term "Allnurses.com" means the Website using the domain name allnurses.com.

9.      The term "URL" means Uniform Resource Locator.

10.      The term "Username" means the username, name, pseudonym or other moniker used on the on the Allnurses.com Website, including without limitation, (i) username given by a registrant on the registration page of the Allnurses.com, including without limitation, the registration page located at URL http://allnurses.com/register.php, or other place where users register to become registrants, members or subscribers; (ii) the username used in connection with postings, comments, blogs or articles to identify the source or author of said postings, comments, blogs or articles, and (iii) the username assigned to moderators, administrators, managers, employees, servants, volunteers, officers, owners, contractors, or other agents.

11.      The term "Registration Account" means the account or profile created or maintained in connection with the registration of a user or member on or for the Allnurses.com Website, including without limitation, (i) at the registration page of the Allnurses.com Website  and (ii) at URL: http://allnurses.com/register.php  or Username

12.      The term "Poster" means the following Usernames or persons using the following Usernames:
     a.  Pixie.RN
     b.  NRSKarenRN
     c.  traumaRUs
     d.  sirI
     e.  GRN77
     f.  learningisgood
     g.  onesmallchange
     h.  JustBeachyNurse
     i.  monkeyhq

      j.   duskyjewel
      k.   LadyFree28

13.      The term "IP Address" means Internet Protocol Address.

14.      The term "IP Address Logs" means logs and other records of IP Addresses used in connection with the access or communication with a Website or server, including without limitation, (i) in connection with the access, creation, deletion, editing, modifying, copying, pasting, uploading, downloading, sending, receiving, e-mailing, or transmission of content or code, or other use of a Website or server, and (ii) IP Address Session Logs.

15.      The term "IP Address Session Logs" means IP Address session logs, including without limitation, logs which contain (i) the starting and ending times and dates of IP Address sessions, (ii) the duration of said sessions, (iii) the activity performed during said sessions, including without limitation, the identification of posts, comments, articles, "Likes", e-mails, or messages that were accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated.

16.      The term "Achieve Test Prep…. anyone? Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep…. anyone?", including without limitation, the discussion thread with the first page located at URL http://allnurses.com/excelsior-college-online/achieve-test-prep-815067.html.

17.      The term "Achieve Test Prep questions Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep questions", including without limitation, the discussion thread with the first page located at URL: http://allnurses.com/general-nursing-student/achieve-test-prep-961973.html

**INSTRUCTIONS**

1.      You are required to produce all any all documents requested below in your possession, custody or control. If you are unable to produce any document responsive to any request herein, after exercising due diligence to secure said document, then you shall set forth the location of requested document, and the reason why the document cannot be produced.

2.      If any document requested is being withheld pursuant to a claim of privilege or immunity, or otherwise, set forth as to each such request the basis of such claim and a description of the information, communication or document being withheld sufficient to enable the propounding party or court to determine if such claim has been properly invoked, including without limitation, providing the following information in response thereto:

    a.   the source, author or preparer of such information, communication or document;

    b.   the addressee or recipient of such information, communication or document;

    c.   the subject matter of said information, communication or document;

    d.   the number of copies made of subject, information, communication or document;

    e.   the date of subject communication or document;

    f.   the number of pages of subject document;

    g.   the number of attachments to subject document; and

    h.   identification and number of persons to whom subject document was distributed or to whom communication was made.

3.    If any request is for a document that no longer exists, set forth the circumstances under which each such document was destroyed or ceased to exist, including without limitation:

    a.   the identity of each person who determined that each such document was destroyed or ceased to exist;

    b.   the identity of each person who destroyed each such document;

    c.   the substance and content of each such document; and

    d.   the date and location at which each document was destroyed.

4.    Should you object to any request, you shall for each such request, set forth the grounds of said objection and shall answer to the extent the request is not objectionable. Any objection not so stated shall be deemed waived.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents containing the true name of each Poster.

2.      Any and all documents containing the postal or physical address of each Poster.

3.      Any and all documents that contain identification information of any and all of the Posters, including information as to true name, location (including without limitation, residence, work or employer, contact information (including without limitation, address, phone, fax, e-mail).

4.      Any and all IP Address Logs for each and every Poster pertaining to each and every session that said Poster accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated on or pertaining to Allnurses.com,

    a.  as to any post, comment, "Like" or other statement made on or to,

        i.  Achieve Test Prep…. anyone? Thread from commencement of the thread to date, and

        ii.  Achieve Test Prep questions Thread from commencement of the thread to date; and

    b.  registration on Allnurses.com, including without limitation the accessing, creating, deleting, editing, modifying, copying, pasting, uploading, downloading, sending receiving, transmitting or communication information pertaining to the Allnurses.com Registration Account.

5.      Any and all Registration Accounts documents for each and every Poster, including without limitation, any all information provided by any Poster in connection the registering as a member on Allnurses.com, including without limitation, e-mail addresses and passwords.  Any documents in this Request containing passwords may be produced to Plaintiff's counsel with redaction of the passwords; conditioned, however, on the following: (i) that the unredacted versions of the production must be produced and held by your counsel, (ii) that your counsel acknowledges  receipt of said unredacted documents.  Plaintiffs reserve the right to seek production of said unredacted documents, including without limitation, by making a separate document request, by application or motion to the court, or by consent of your counsel.

    a.  Pixie.RN
    b.  NRSKarenRN
    c.  traumaRUs
    d.  sirI

6.      Any and all documents that contain information which identifies any and all Usernames used by the following:

      a.  Brian Short, and
      b.  each Allnurses.com moderator, administrator, manager, employee, servant, volunteer, contractor, or agent.

7.      Any and all documents containing the static or dynamic IP Addresses assigned to or leased to Allnurses.com, Allnurses.com, Inc., and Brian Short by their Internet Service Provider, from the period February 1, 2013 to date.

8.      Any and all documents containing the name of the Internet Service Provider for Allnurses.com, Allnurses.com, Inc., and Brian Short.

9.      Any and all private electronic messages sent to each and every Poster, received from each and every Poster, or transmitted between each every Poster and you, including without limitation, any and all moderators, administrators, managers, employees, servants, volunteers, contractors or agents, during the time period of February 1, 2013, to date.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST TEST PREP LLC d/b/a Achieve Test Prep, and MARK OLYNK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLNURSES.COM, INC., BRIAN SHORT, R.N., ABC COMPANIES 1-10 and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 15-cv-03202 (MCA)(JBC) |

## SUBPOENA
## TO PRODUCE DOCUMENTS

**To:**   Brian Short
c/o Allnurses.com, Inc.
261 School Avenue
Suite 300
Excelsior, Minnesota 55331

  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents requested electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material on the attached Rider ("Rider").

Place:        Robert T. Kugler, Esq.,
              Stinson Leonard Street LLP,
              150 South Fifth Street,
              Suite 2300, Minneapolis, MN 55402

Date and Time:    _____

1

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____                    _____
                                                         Richard L. Ravin, Esq.

---

The name, address, e-mail address, and telephone number of the attorney representing the Plaintiff, East Coast Test Prep LLC d/b/a Achieve Test Prep LLC and Mark Olynyk, who issues or requests this subpoena, is:

> Richard L. Ravin, Esq.
> Hartman & Winnicki, P.C.
> 74 Passaic Street
> Ridgewood, New Jersey 07450
> (201) 967-8040
> Rick@ravin.com

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 15-cv-03202(MCA)(JBC)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)*
_____ on *(date)* _____.

    ____    I served the subpoena by delivering a copy to the named person as follows: _____ on _____*(date)*; or

    ____    I returned the subpoena unexecuted because: _____
_____

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

      My fees are $_____ for travel and $_____ for services, for a total of $_____.00

      I declare under penalty of perjury that this information is true.

Date: _____

                    _____
                              *Server's signature*

                    _____
                            *Printed name and title*

                    _____
                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (**d**), (e), **and** (g) (**Effective 12/1/13**)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is

employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(l) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45( d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(l) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.*

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.

If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required- and also, after a motion is transferred, the issuing court- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

5

**RIDER**
**(TO BRIAN SHORT SUBPOENA)**

**DOCUMENET PRODUCTION**

**DEFINITIONS**

As used herein, the following terms shall have the indicated meanings

1.      The terms "you" or "your" means Brian Short, and all of your agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on his/its behalf.

2.      The term "Plaintiffs" means East Coast Test Prep LLC d/b/a Achieve Test Prep and Mark Olynyk, and all their agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on their behalf.

3.      The term "Amended Complaint" means the First Amended Complaint filed in this action.

4.      The term "Answer" means the Answer to Amended Complaint filed by Defendants, if any, in this action.

5.      The term "document" or "documents" means writings or records of any type or description, whether handwritten, typewritten, printed, digital, optical, electronic, photostatic, photographic, dictated or recorded by any means and in whatever format, whether in writing, electronic, digital, optical, magnetic or otherwise and no matter how preserved or stored, such as, disk, diskette, CD Rom, DVD, magnetic tape, audio recording, video recording, or otherwise, irrespective of the manner or medium by which the copy was made or is now maintained. The term "document" is used in the broadest sense permissible under the Rules of Civil Procedure, and includes, without limitation, emails, writings; correspondence; records; tables; charts; graphs; reports; notes; tele-grams; telexes; telefax transmittals; cables; messages; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra-and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained.  The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date, copies containing any commentary or notations of any kind that do not appear in the

original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

6.      The term "communication" includes, but is not limited to, any written, oral or electronic communication, including without limitation any conversation (whether face-to-face by telephone or otherwise) transaction, negotiation, act, conduct or performance by any method, form or means through which property, information, questions, answers, instructions, orders, requests, applications, agreements or decisions may be transmitted or conveyed to or received or derived from, a person.

7.      As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

8.      The term "Allnurses.com" means the Website using the domain name allnurses.com.

9.      The term "URL" means Uniform Resource Locator.

10.      The term "Username" means the username, name, pseudonym or other moniker used on the on the Allnurses.com Website, including without limitation, (i) username given by a registrant on the registration page of the Allnurses.com, including without limitation, the registration page located at URL http://allnurses.com/register.php, or other place where users register to become registrants, members or subscribers; (ii) the username used in connection with postings, comments, blogs or articles to identify the source or author of said postings, comments, blogs or articles, and (iii) the username assigned to moderators, administrators, managers, employees, servants, volunteers, officers, owners, contractors, or other agents.

11.      The term "Registration Account" means the account or profile created or maintained in connection with the registration of a user or member on or for the Allnurses.com Website, including without limitation, (i) at the registration page of the Allnurses.com Website  and (ii) at URL: http://allnurses.com/register.php  or Username

12.      The term "Poster" means the following Usernames or persons using the following Usernames:
      a.  Pixie.RN
      b.  NRSKarenRN
      c.  traumaRUs
      d.  sirI
      e.  GRN77
      f.  learningisgood
      g.  onesmallchange
      h.  JustBeachyNurse
      i.  monkeyhq
      j.  duskyjewel

k.   LadyFree28

13.     The term "IP Address" means Internet Protocol Address.

14.     The term "IP Address Logs" means logs and other records of IP Addresses used in connection with the access or communication with a Website or server, including without limitation, (i) in connection with the access, creation, deletion, editing, modifying, copying, pasting, uploading, downloading, sending, receiving, e-mailing, or transmission of  content or code, or other use of a Website or server, and (ii) IP Address Session Logs.

15.     The term "IP Address Session Logs" means IP Address session logs, including without limitation, logs which contain (i) the starting and ending times and dates of IP Address sessions, (ii) the duration of said sessions, (iii) the activity performed during said sessions, including without limitation, the identification of posts, comments, articles, "Likes", e-mails, or messages that were accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated.

16.     The term "Achieve Test Prep…. anyone? Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep…. anyone?", including without limitation, the discussion thread with the first page located at URL http://allnurses.com/excelsior-college-online/achieve-test-prep-815067.html.

17.     The term  "Achieve Test Prep questions Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep questions", including without limitation, the discussion thread with the first page located at URL: http://allnurses.com/general-nursing-student/achieve-test-prep-961973.html


**INSTRUCTIONS**

1.     You are required to produce all any all documents requested below in your possession, custody or control.  If you are unable to produce any document responsive to any request herein, after exercising due diligence to secure said document, then you shall set forth the location of requested document, and the reason why the document cannot be produced.

2.     If any document requested is being withheld pursuant to a claim of privilege or immunity, or otherwise, set forth as to each such request the basis of such claim and a description of the information, communication or document being withheld sufficient to enable the propounding party or court to determine if such claim has been properly invoked, including without limitation, providing the following information in response thereto:

a.   the source, author or preparer of such information, communication or

document;

    b.   the addressee or recipient of such information, communication or document;

    c.   the subject matter of said information, communication or document;

    d.   the number of copies made of subject, information, communication or document;

    e.   the date of subject communication or document;

    f.   the number of pages of subject document;

    g.   the number of attachments to subject document; and

    h.   identification and number of persons to whom subject document was distributed or to whom communication was made.

3.     If any request is for a document that no longer exists, set forth the circumstances under which each such document was destroyed or ceased to exist, including without limitation:

    a.   the identity of each person who determined that each such document was destroyed or ceased to exist;

    b.   the identity of each person who destroyed each such document;

    c.   the substance and content of each such document; and

    d.   the date and location at which each document was destroyed.

4.     Should you object to any request, you shall for each such request, set forth the grounds of said objection and shall answer to the extent the request is not objectionable. Any objection not so stated shall be deemed waived.

## DOCUMENTS TO BE PRODUCED

1.  Any and all documents containing the true name of each Poster.

2.  Any and all documents containing the postal or physical address of each Poster.

3.  Any and all documents that contain identification information of any and all of the Posters, including information as to true name, location (including without limitation, residence, work or employer, contact information (including without limitation, address, phone, fax, e-mail).

4.  Any and all IP Address Logs for each and every Poster pertaining to each and every session that said Poster accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated on or pertaining to Allnurses.com,

   a.  as to any post, comment, "Like" or other statement made on or to,

      i.  Achieve Test Prep…. anyone? Thread from commencement of the thread to date, and

      ii. Achieve Test Prep questions Thread from commencement of the thread to date; and

   b.  registration on Allnurses.com, including without limitation the accessing, creating, deleting, editing, modifying, copying, pasting, uploading, downloading, sending receiving, transmitting or communication information pertaining to the Allnurses.com Registration Account.

5.  Any and all Registration Accounts documents for each and every Poster, including without limitation, any all information provided by any Poster in connection the registering as a member on Allnurses.com, including without limitation, e-mail addresses and passwords.  Any documents in this Request containing passwords may be produced to Plaintiff's counsel with redaction of the passwords; conditioned, however, on the following: (i) that the unredacted versions of the production must be produced and held by your counsel, (ii) that your counsel acknowledges  receipt of said unredacted documents.  Plaintiffs reserve the right to seek production of said unredacted documents, including without limitation, by making a separate document request, by application or motion to the court, or by consent of your counsel.

   a.  Pixie.RN
   b.  NRSKarenRN
   c.  traumaRUs
   d.  sirI

6. Any and all documents that contain information which identifies any and all Usernames used by the following:

    a. Brian Short, and
    b. each Allnurses.com moderator, administrator, manager, employee, servant, volunteer, contractor, or agent.

7. Any and all documents containing the static or dynamic IP Addresses assigned to or leased to Allnurses.com, Allnurses.com, Inc., and Brian Short by their Internet Service Provider, from the period February 1, 2013 to date.

8. Any and all documents containing the name of the Internet Service Provider for Allnurses.com, Allnurses.com, Inc., and Brian Short.

9. Any and all private electronic messages sent to each and every Poster, received from each and every Poster, or transmitted between each every Poster and you, including without limitation, any and all moderators, administrators, managers, employees, servants, volunteers, contractors or agents, during the time period of February 1, 2013, to date.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST TEST PREP LLC d/b/a Achieve Test Prep, and MARK OLYNK, | CIVIL ACTION NO. 15-cv-03202 (MCA)(JBC) |
| Plaintiffs, | |
| v. | |
| ALLNURSES.COM, INC., BRIAN SHORT, R.N., ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
| Defendants. | |

**SUBPOENA TO TESTIFY
AT A DEPOSITION IN A CIVIL TRIAL**

**To:**    Allnurses.com, Inc.
       261 School Avenue
       Suite 300
       Excelsior, Minnesota 55331

**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the matters set forth on Exhibit "A" attached hereto.

Place:       Stinson Leonard Street LLP,
          150 South Fifth Street,
          Suite 2300,
          Minneapolis, MN 55402

Date and Time:       _____

The deposition will be recorded by a stenographer, and may be recorded by video

*Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material as set forth on the attached "Rider".

---

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____                              _____
                                                   Richard L. Ravin, Esq.

---

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs, East Coast Test Prep LLC d/b/a Achieve Test Prep LLC and Mark Olynyk, who issued this subpoena, is:

> Richard L. Ravin, Esq.
> Hartman & Winnicki, P.C.
> 74 Passaic Street
> Ridgewood, New Jersey 07450
> (201) 967-8040
> Rick@ravin.com

---

**Notice to the person who issues or requests this subpoena**

---

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

Civil Action No. 15-cv-03202(MCA)(JBC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

_____   I served the subpoena by delivering a copy to the named individual as follows: _____ on _____*(date)*; or

_____   I returned the subpoena unexecuted because: _____ _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.00

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                        *Server's signature*

                                _____
                                        *Printed name and title*

                                _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is

employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(l) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing      electronically stored information in the form or forms requested.     The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45( d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(l) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.*

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.

If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required- and also, after a motion is transferred, the issuing court- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

5

## EXHIBIT "A"

## MATTERS OF EXAMINATION

The matters of Examination are as follows:

1. The documents requested on Exhibit "B" attached hereto, and the subject matter of documents requested on Exhibit "B".

2. Operation and maintenance of all Information Technology systems, owned or operated by you.

3. Operation and maintenance and optimization of allnurses.com and allnurses-breakroom.com

4. Operation and maintenance of analytic software used by you with respect to allnurses.com and allnurses-breakroom.com.

5. Operation and maintenance of IP Address records of all posts and comments made to allnurses.com and allnurses-breakroom.com, including without limitation IP Address session logs.

6. Operation and maintenance by you of all private message systems and E-mail systems.

7. Computer storage and backup systems for IT systems owned or operated by you.

**<u>RIDER</u>**
**(TO ALLNURSES.COM, INC. SUBPOENA)**

**<u>DOCUMENT PRODUCTION</u>**

**DEFINITIONS**

As used herein, the following terms shall have the indicated meanings

      1.     The terms "you" or "your" means Allnurses.com, Inc., and all of your, agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on his/its behalf.

      2.     The term "Plaintiffs" means East Coast Test Prep LLC d/b/a Achieve Test Prep and Mark Olynyk, and all their agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on their behalf.

      3.     The term "Amended Complaint" means the First Amended Complaint filed in this action.

      4.     The term "Answer" means the Answer to Amended Complaint filed by Defendants, if any, in this action.

      5.     The term "document" or "documents" means writings or records of any type or description, whether handwritten, typewritten, printed, digital, optical, electronic, photostatic, photographic, dictated or recorded by any means and in whatever format, whether in writing, electronic, digital, optical, magnetic or otherwise and no matter how preserved or stored, such as, disk, diskette, CD Rom, DVD, magnetic tape, audio recording, video recording, or otherwise, irrespective of the manner or medium by which the copy was made or is now maintained. The term "document" is used in the broadest sense permissible under the Rules of Civil Procedure, and includes, without limitation, emails, writings; correspondence; records; tables; charts; graphs; reports; notes; tele-grams; telexes; telefax transmittals; cables; messages; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra-and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date, copies containing any commentary or notations of any kind that do not appear in the

7

original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

6.      The term "communication" includes, but is not limited to, any written, oral or electronic communication, including without limitation any conversation (whether face-to-face by telephone or otherwise) transaction, negotiation, act, conduct or performance by any method, form or means through which property, information, questions, answers, instructions, orders, requests, applications, agreements or decisions may be transmitted or conveyed to or received or derived from, a person.

7.      As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

8.      The term "Allnurses.com" means the Website using the domain name allnurses.com.

9.      The term "URL" means Uniform Resource Locator.

10.     The term "Username" means the username, name, pseudonym or other moniker used on the on the Allnurses.com Website, including without limitation, (i) username given by a registrant on the registration page of the Allnurses.com, including without limitation, the registration page located at URL http://allnurses.com/register.php, or other place where users register to become registrants, members or subscribers; (ii) the username used in connection with postings, comments, blogs or articles to identify the source or author of said postings, comments, blogs or articles, and (iii) the username assigned to moderators, administrators, managers, employees, servants, volunteers, officers, owners, contractors, or other agents.

11.     The term "Registration Account" means the account or profile created or maintained in connection with the registration of a user or member on or for the Allnurses.com Website, including without limitation, (i) at the registration page of the Allnurses.com Website  and (ii) at URL: http://allnurses.com/register.php  or Username

12.     The term "Poster" means the following Usernames or persons using the following Usernames:
    a.  Pixie.RN
    b.  NRSKarenRN
    c.  traumaRUs
    d.  sirI
    e.  GRN77
    f.  learningisgood
    g.  onesmallchange
    h.  JustBeachyNurse
    i.  monkeyhq
    j.  duskyjewel

     k.   LadyFree28

13.    The term "IP Address" means Internet Protocol Address.

14.    The term "IP Address Logs" means logs and other records of IP Addresses used in connection with the access or communication with a Website or server, including without limitation, (i) in connection with the access, creation, deletion, editing, modifying, copying, pasting, uploading, downloading, sending, receiving, e-mailing, or transmission of content or code, or other use of a Website or server, and (ii) IP Address Session Logs.

15.    The term "IP Address Session Logs" means IP Address session logs, including without limitation, logs which contain (i) the starting and ending times and dates of IP Address sessions, (ii) the duration of said sessions, (iii) the activity performed during said sessions, including without limitation, the identification of posts, comments, articles, "Likes", e-mails, or messages that were accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated.

16.    The term "Achieve Test Prep…. anyone? Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep…. anyone?", including without limitation, the discussion thread with the first page located at URL http://allnurses.com/excelsior-college-online/achieve-test-prep-815067.html.

17.    The term "Achieve Test Prep questions Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep questions", including without limitation, the discussion thread with the first page located at URL: http://allnurses.com/general-nursing-student/achieve-test-prep-961973.html


## INSTRUCTIONS

1.    You are required to produce all any all documents requested below in your possession, custody or control.  If you are unable to produce any document responsive to any request herein, after exercising due diligence to secure said document, then you shall set forth the location of requested document, and the reason why the document cannot be produced.

2.    If any document requested is being withheld pursuant to a claim of privilege or immunity, or otherwise, set forth as to each such request the basis of such claim and a description of the information, communication or document being withheld sufficient to enable the propounding party or court to determine if such claim has been properly invoked, including without limitation, providing the following information in response thereto:

a. the source, author or preparer of such information, communication or document;

b. the addressee or recipient of such information, communication or document;

c. the subject matter of said information, communication or document;

d. the number of copies made of subject, information, communication or document;

e. the date of subject communication or document;

f. the number of pages of subject document;

g. the number of attachments to subject document; and

h. identification and number of persons to whom subject document was distributed or to whom communication was made.

3. If any request is for a document that no longer exists, set forth the circumstances under which each such document was destroyed or ceased to exist, including without limitation:

a. the identity of each person who determined that each such document was destroyed or ceased to exist;

b. the identity of each person who destroyed each such document;

c. the substance and content of each such document; and

d. the date and location at which each document was destroyed.

4. Should you object to any request, you shall for each such request, set forth the grounds of said objection and shall answer to the extent the request is not objectionable. Any objection not so stated shall be deemed waived.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents containing the true name of each Poster.

2.      Any and all documents containing the postal or physical address of each Poster.

3.      Any and all documents that contain identification information of any and all of the Posters, including information as to true name, location (including without limitation, residence, work or employer, contact information (including without limitation, address, phone, fax, e-mail).

4.      Any and all IP Address Logs for each and every Poster pertaining to each and every session that said Poster accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated on or pertaining to Allnurses.com,

    a. as to any post, comment, "Like" or other statement made on or to,

        i. Achieve Test Prep…. anyone? Thread from commencement of the thread to date, and

        ii. Achieve Test Prep questions Thread from commencement of the thread to date; and

    b. registration on Allnurses.com, including without limitation the accessing, creating, deleting, editing, modifying, copying, pasting, uploading, downloading, sending receiving, transmitting or communication information pertaining to the Allnurses.com Registration Account.

5.      Any and all Registration Accounts documents for each and every Poster, including without limitation, any all information provided by any Poster in connection the registering as a member on Allnurses.com, including without limitation, e-mail addresses and passwords.  Any documents in this Request containing passwords may be produced to Plaintiff's counsel with redaction of the passwords; conditioned, however, on the following: (i) that the unredacted versions of the production must be produced and held by your counsel, (ii) that your counsel acknowledges  receipt of said unredacted documents.  Plaintiffs reserve the right to seek production of said unredacted documents, including without limitation, by making a separate document request, by application or motion to the court, or by consent of your counsel.

    a. Pixie.RN
    b. NRSKarenRN
    c. traumaRUs
    d. sirI

6.      Any and all documents that contain information which identifies any and all Usernames used by the following:

    a.  Brian Short, and
    b.  each Allnurses.com moderator, administrator, manager, employee, servant, volunteer, contractor, or agent.

7.      Any and all documents containing the static or dynamic IP Addresses assigned to or leased to Allnurses.com, Allnurses.com, Inc., and Brian Short by their Internet Service Provider, from the period February 1, 2013 to date.

8.      Any and all documents containing the name of the Internet Service Provider for Allnurses.com, Allnurses.com, Inc., and Brian Short.

9.      Any and all private electronic messages sent to each and every Poster, received from each and every Poster, or transmitted between each every Poster and you, including without limitation, any and all moderators, administrators, managers, employees, servants, volunteers, contractors or agents, during the time period of February 1, 2013, to date.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST TEST PREP LLC d/b/a Achieve Test Prep, and MARK OLYNK, <br><br>                              Plaintiffs, <br><br> v. <br><br> ALLNURSES.COM, INC., BRIAN SHORT, R.N., ABC COMPANIES 1-10 and JOHN DOES 1-10, <br><br>                              Defendants. | CIVIL ACTION NO. 15-cv-03202 (MCA)(JBC) |

---

**SUBPOENA TO TESTIFY
AT A DEPOSITION IN A CIVIL TRIAL**

---

**To:**    Brian Short
c/o Allnurses.com, Inc.
261 School Avenue
Suite 300
Excelsior, Minnesota 55331

**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

Place:                    Stinson Leonard Street LLP,
150 South Fifth Street,
Suite 2300,
Minneapolis, MN 55402

Date and Time:    _____

The deposition will be recorded by a stenographer, and may be recorded by video

---

1

*Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material as set forth on the attached "Rider".

---

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____          _____

                                            Richard L. Ravin, Esq.

---

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs, East Coast Test Prep LLC d/b/a Achieve Test Prep LLC and Mark Olynyk, who issued this subpoena, is:

> Richard L. Ravin, Esq.
> Hartman & Winnicki, P.C.
> 74 Passaic Street
> Ridgewood, New Jersey 07450
> (201) 967-8040
> Rick@ravin.com

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 15-cv-03202(MCA)(JBC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

_____ I served the subpoena by delivering a copy to the named individual as follows: _____ on _____*(date)*; or

_____ I returned the subpoena unexecuted because: _____ _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.00

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                 *Server's signature*

                                        _____
                                                 *Printed name and title*

                                        _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.
**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(l) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing       electronically stored information in the form or forms requested.       The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45( d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(l) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.

If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**RIDER**
**(BRIAN SHORT SUBPOENA)**

**DOCUMENT PRODUCTION**

**DEFINITIONS**

As used herein, the following terms shall have the indicated meanings

1.      The terms "you" or "your" means Brian Short, and all of your, agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on his/its behalf.

2.      The term "Plaintiffs" means East Coast Test Prep LLC d/b/a Achieve Test Prep and Mark Olynyk, and all their agents, affiliates, employees, representatives, partners and attorneys, and all other persons acting on their behalf.

3.      The term "Amended Complaint" means the First Amended Complaint filed in this action.

4.      The term "Answer" means the Answer to Amended Complaint filed by Defendants, if any, in this action.

5.      The term "document" or "documents" means writings or records of any type or description, whether handwritten, typewritten, printed, digital, optical, electronic, photostatic, photographic, dictated or recorded by any means and in whatever format, whether in writing, electronic, digital, optical, magnetic or otherwise and no matter how preserved or stored, such as, disk, diskette, CD Rom, DVD, magnetic tape, audio recording, video recording, or otherwise, irrespective of the manner or medium by which the copy was made or is now maintained. The term "document" is used in the broadest sense permissible under the Rules of Civil Procedure, and includes, without limitation, emails, writings; correspondence; records; tables; charts; graphs; reports; notes; tele-grams; telexes; telefax transmittals; cables; messages; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra-and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained.  The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date, copies containing any commentary or notations of any kind that do not appear in the

original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

6. The term "communication" includes, but is not limited to, any written, oral or electronic communication, including without limitation any conversation (whether face-to-face by telephone or otherwise) transaction, negotiation, act, conduct or performance by any method, form or means through which property, information, questions, answers, instructions, orders, requests, applications, agreements or decisions may be transmitted or conveyed to or received or derived from, a person.

7. As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

8. The term "Allnurses.com" means the Website using the domain name allnurses.com.

9. The term "URL" means Uniform Resource Locator.

10. The term "Username" means the username, name, pseudonym or other moniker used on the on the Allnurses.com Website, including without limitation, (i) username given by a registrant on the registration page of the Allnurses.com, including without limitation, the registration page located at URL http://allnurses.com/register.php, or other place where users register to become registrants, members or subscribers; (ii) the username used in connection with postings, comments, blogs or articles to identify the source or author of said postings, comments, blogs or articles, and (iii) the username assigned to moderators, administrators, managers, employees, servants, volunteers, officers, owners, contractors, or other agents.

11. The term "Registration Account" means the account or profile created or maintained in connection with the registration of a user or member on or for the Allnurses.com Website, including without limitation, (i) at the registration page of the Allnurses.com Website and (ii) at URL: http://allnurses.com/register.php or Username

12. The term "Poster" means the following Usernames or persons using the following Usernames:
    a. Pixie.RN
    b. NRSKarenRN
    c. traumaRUs
    d. sirI
    e. GRN77
    f. learningisgood
    g. onesmallchange
    h. JustBeachyNurse
    i. monkeyhq
    j. duskyjewel

   k. LadyFree28

  13. The term "IP Address" means Internet Protocol Address.

  14. The term "IP Address Logs" means logs and other records of IP Addresses used in connection with the access or communication with a Website or server, including without limitation, (i) in connection with the access, creation, deletion, editing, modifying, copying, pasting, uploading, downloading, sending, receiving, e-mailing, or transmission of  content or code, or other use of a Website or server, and (ii) IP Address Session Logs.

  15. The term "IP Address Session Logs" means IP Address session logs, including without limitation, logs which contain (i) the starting and ending times and dates of IP Address sessions, (ii) the duration of said sessions, (iii) the activity performed during said sessions, including without limitation, the identification of posts, comments, articles, "Likes", e-mails, or messages that were accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated.

  16. The term "Achieve Test Prep…. anyone? Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep…. anyone?", including without limitation, the discussion thread with the first page located at URL http://allnurses.com/excelsior-college-online/achieve-test-prep-815067.html.

  17. The term  "Achieve Test Prep questions Thread" is a discussion thread on the Allnurses.com Website entitled: "Achieve Test Prep questions", including without limitation, the discussion thread with the first page located at URL: http://allnurses.com/general-nursing-student/achieve-test-prep-961973.html

## INSTRUCTIONS

  1. You are required to produce all any all documents requested below in your possession, custody or control.  If you are unable to produce any document responsive to any request herein, after exercising due diligence to secure said document, then you shall set forth the location of requested document, and the reason why the document cannot be produced.

  2. If any document requested is being withheld pursuant to a claim of privilege or immunity, or otherwise, set forth as to each such request the basis of such claim and a description of the information, communication or document being withheld sufficient to enable the propounding party or court to determine if such claim has been properly invoked, including without limitation, providing the following information in response thereto:

   a.   the source, author or preparer of such information, communication or document;

   b.   the addressee or recipient of such information, communication  or document;

   c.   the subject matter of said information, communication or document;

   d.   the number of copies made of subject, information, communication or document;

   e.   the date of subject communication or document;

   f.   the number of pages of subject document;

   g.   the number of attachments to subject document; and

   h.   identification and number of persons to whom subject document was distributed or to whom communication was made.

   3.   If any request is for a document that no longer exists, set forth the circumstances under which each such document was destroyed or ceased to exist, including without limitation:

   a.   the identity of each person who determined that each such document was destroyed or ceased to exist;

   b.   the identity of each person who destroyed each such document;

   c.   the substance and content of each such document; and

   d.   the date and location at which each document was destroyed.

   4.   Should you object to any request, you shall for each such request, set forth the grounds of said objection and shall answer to the extent the request is not objectionable. Any objection not so stated shall be deemed waived.

## **DOCUMENTS TO BE PRODUCED**

1.      Any and all documents containing the true name of each Poster.

2.      Any and all documents containing the postal or physical address of each Poster.

3.      Any and all documents that contain identification information of any and all of the Posters, including information as to true name, location (including without limitation, residence, work or employer, contact information (including without limitation, address, phone, fax, e-mail).

4.      Any and all IP Address Logs for each and every Poster pertaining to each and every session that said Poster accessed, created, deleted, edited, modified, copied, pasted, uploaded, downloaded, sent, received, transmitted or communicated on or pertaining to Allnurses.com,

   a. as to any post, comment, "Like" or other statement made on or to,

      i. Achieve Test Prep…. anyone? Thread from commencement of the thread to date, and

      ii. Achieve Test Prep questions Thread from commencement of the thread to date; and

   b. registration on Allnurses.com, including without limitation the accessing, creating, deleting, editing, modifying, copying, pasting, uploading, downloading, sending receiving, transmitting or communication information pertaining to the Allnurses.com Registration Account.

5.      Any and all Registration Accounts documents for each and every Poster, including without limitation, any all information provided by any Poster in connection the registering as a member on Allnurses.com, including without limitation, e-mail addresses and passwords.  Any documents in this Request containing passwords may be produced to Plaintiff's counsel with redaction of the passwords; conditioned, however, on the following: (i) that the unredacted versions of the production must be produced and held by your counsel, (ii) that your counsel acknowledges  receipt of said unredacted documents.  Plaintiffs reserve the right to seek production of said unredacted documents, including without limitation, by making a separate document request, by application or motion to the court, or by consent of your counsel.

   a. Pixie.RN
   b. NRSKarenRN
   c. traumaRUs
   d. sirI

6.    Any and all documents that contain information which identifies any and all Usernames used by the following:

     a.  Brian Short, and
     b.  each Allnurses.com moderator, administrator, manager, employee, servant, volunteer, contractor, or agent.

7.    Any and all documents containing the static or dynamic IP Addresses assigned to or leased to Allnurses.com, Allnurses.com, Inc., and Brian Short by their Internet Service Provider, from the period February 1, 2013 to date.

8.    Any and all documents containing the name of the Internet Service Provider for Allnurses.com, Allnurses.com, Inc., and Brian Short.

9.    Any and all private electronic messages sent to each and every Poster, received from each and every Poster, or transmitted between each every Poster and you, including without limitation, any and all moderators, administrators, managers, employees, servants, volunteers, contractors or agents, during the time period of February 1, 2013, to date.