UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| East Coast Test Prep, LLC et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15-CV-03705-JRT-JSM |
| v. | ) | |
| | ) | |
| | ) | |
| Allnurses.com, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL RESPONSES TO PREVIOUSLY SERVED DISCOVERY
AND TO ALLOW IMMEDIATE DISCOVERY AND TO SHORTEN TIME FOR
RESPONSE**

Come now Plaintiffs by and through their counsel of record and respectfully move this

Court for an order expediting discovery and compelling Defendant Allnurses.com inc to respond

to the Requests for Production previously served upon such Defendant prior to the removal of

this case to Federal Court within fifteen (15) days of the date of the Order granting this motion

or, in the alternative,  granting Plaintiffs leave to immediately file identical discovery in this

action and compelling Defendant Allnurses.com to respond to such discovery within fifteen (15)

days of service of the same upon such Defendant,  and to then allow the service of deposition

and document subpoenaes on the persons identified in the documents received which are

reasonably believed to have information which will lead to the identification of the John Doe

Defendants named herein .  In support of this request,  Plaintiffs state as follows:

1.   The discovery to which Plaintiff's seek immediate response from Defendant

AllNurses.com are nine, limited, document requests.   The state court requests for

Production are attached to Plaintiffs Memorandum in Support of this Motion as

Exhibit A.

{00408151- 1 25157-017}

2. The information requested from Defendant Allnurses.com is needed to allow Plaintiffs to identify internet search providers and online service providers who will in turn have information which will allow Plaintiffs to identify the John Doe Defendants sued herein.

3. The subpoenaes directed to the internet search providers and/or online service providers revealed by the documents received from Defendant AllNurses are needed to obtain the actual information which will allow Plaintiffs to identify the John Doe Defendants sued herein.

4. Plaintiffs' claims against the John Doe Defendants seek recovery for, among other things, defamation arising out of false, misleading and defamatory comments posted on the Allnurses.com website. (ECF 25-1).

5.  Since the John Doe Defendants each posted the statements in issue under registration names or pseudonyms, Plaintiffs require information relating to the postings, which is in the possession, custody and control of AllNurses (the website operator)  as the first step towards identifying them.

6. To identify the John Doe Defendants, Plaintiffs must first discover the IP Address and e-mail address each John Doe Defendant used in connection with their posts and website registrations.  That information will then enable Plaintiffs to identify the third-party Internet Service Providers and  Online Service Providers used by the John Doe Defendants when making their posts.  The  subpeones to the ISPs and OSPs  will then cause them to provide information which will allow Plaintiffs to identify and serve the John Doe Defendants.

7.  The information requested in Plaintiffs' discovery requests is needed from AllNurses

immediately without waiting for the conference of the parties envisioned by Rule 26 of the Federal Rules of Civil Procedure because the ultimate information to which it will lead – the physical address information possessed by the ISPs and OSPs, is typically subject to the automatic destruction policies of those entities. ISPs and OSPs only retain such information for limited periods of time  and once they discard their logs and records pertaining to the John Doe Defendants, Plaintiffs will have no ability to learn the identity of the John Doe Defendants (unless the identities are known by other witnesses).   The subpoenaes to the ISP's and OSP's will thus also be needed immediately to allow receipt of the identifying information prior to its destruction.

8. The State Court discovery was filed over six months ago, prior to the removal of this action to Federal Court.   Absent the removal, responses would have been due back in May.  Upon removal of a state court action to federal court,  the federal court takes the case as it exists, with all orders, rulings and obligations of the parties continuing, unless and except as affected by federal rule or law.  Rule 26(d)1 of the Federal Rules of Civil Procedure is such a federal rule however.  Rule 26(d)1 provides that a party is not able to seek discovery from the opposing party in a federal proceeding prior to the conference of the parties required by Rule 26(f), absent leave to do so.  See FRCivP 26(d)1.

9. Although some federal courts have required service of new discovery after removal, the better ruling is merely that the state court response time is stayed until the time allowed by the federal court, and then the prior discovery must be answered.

10. However, whether or not this Court orders expedited discovery by compelling Allnurses to immediately respond to the previously served discovery, or  by directing

Plaintiffs to refile the discovery in this action and compelling Allnurses to then respond to those requests, is a matter of form over substance.  What is important is that Allnurses be required to provide the requested information in short order, to prevent the destruction of the information needed to bring the John Doe defendants before this Court.

11. Courts have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery and may grant leave to conduct discovery prior to a conference. Fed. R. Civ. P. 26(d)(1).

12. The requested expedited discovery is needed to prevent destruction of evidence necessary to identify Defendants named in this action and is appropriate considering the entirety of the record and the reasonableness of the request in light of all of the surrounding circumstances

13. The administration of justice, outweighs any prejudice to AllNurses.com

14.  Although prior to the transfer of this action to this District, Allnurses informally contended that Plaintiffs should be required to notify the John Doe Defendants of the effort to secure their identification prior to discovery being answered, so that the posters could assert any First Amendment "rights of anonymity" that they may have prior to being identified,   the information requested from AllNurses.com does not request or require it to reveal any identities of any anonymous posters.  The IP Addresses are merely numbers representing a particular server on the Internet, and the e-mail addresses used by the members to register with Allnurses are typically pseudonymous.  In the event that the e-mail address which the member used to register with Allnurses includes the the actual name of the member, then the member

is not anonymous in any event and the e-mail address should be produced.

15. The information from Allnurses will only allow Plaintiffs to identify ISPs and OSPs to subpoena and if and to the extent any notices should be sent to the Defendant posters prior to their identifying information being provided, the issue can be addressed in the context of those subpoenas after they are issued and served.

16. The information sought by the subject discovery is reasonably anticipated to lead to the discovery of admissible evidence, is time sensitive and its immediate production is necessary to begin the process of identifying the John Doe Defendants for which the information which is only maintained for a short period of time by ISP's and OSPs who are currently unaware of its importance is required..

17. Plaintiffs hereby incorporate their Memorandum in Support of this Motion herein, the same as if expressly set forth herein.

WHEREFORE, for all the reasons set forth above, Plaintiff respectfully requests the Court to issue its order requiring Allnurses.com to respond to the Requests for Production which were filed in state court prior to removal within fifteen (15) days of the Court's order granting this motion, or, in the alternative, that the Court grant Plaintiff leave to file identical discovery in this Court and order Allnurses.com to respond to such reissued discovery within fifteen (15) days of the service of the same upon Allnurses, and granting Planitiffs leave to issue document and deposition subpoenaes to ISP's, OSP's or other third parties identified in the documents received from Allnurses.com who are reasonably believed to have information which can be used to identify the John Doe Defendants.

BEITO & LENGELING, PA                    HARTMAN & WINNICKI, P.C.
Robert A. Lengeling                           Richard L. Ravin
Thomas M. Beito                               New Jersey
310 Fourth Avenue South, Suite 1050           74 Passaic Street

Mpls, MN 55415

T:  (612) 767-1618

F:  (612) 333-8003

Email:  rob@beitolengelinglaw.com

Email:  tom@beitolengelinglaw.com

*Lead Attorney/Attorney to be Noticed*

RIEZMAN BERGER, P.C.

By: //s ***Paul A. Grote***

Charles S. Kramer

Paul A. Grote

7700 Bonhomme Ave. 7th Floor

St. Louis, MO 63105

T: (314) 727-0101

F: (314) 727-6458

Email:  csk@riezmanberger.com

Email:  pag@riezmanberger.com

*Lead Attorney/Pro Hac Vice/Attorney to be Noticed*

Ridgewood, NJ 07450

T:  (201) 967-8040

F:  (201) 857-4076

Email:  rick@ravin.com

*Lead Attorney/Pro Hac Vice/Attorney to be Noticed*

## CERTIFICATE OF SERVICE

The foregoing pleading was filed with the Court electronically on this 23 day of October, 2015 for service by the Court on all counsel of record through the Court's e-service system.

**//ss**   Paul A. Grote

{00408151- 1 25157-017}