## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

_____

East Coast Test Prep, LLC et al.,

      Plaintiffs,

vs.

Allnurses.com, et al.,

      Defendants.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.:  15-CV-03705-JRT-JSM

*Document electronically filed.*

**Return Date:  November 19, 2015**

---

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PREVIOUSLY SERVED DISCOVERY AND TO ALLOW IMMEDIATE DISCOVERY AND TO SHORTEN TIME FOR RESPONSE

---

James J. Kretsch, Jr., Esq.

**KRETSCH LAW OFFICE PLLC**
17850 Kenwood Trail, Suite 219
Lakeville, MN 55044
(952) 832-5500
jkretsch@kretschlaw.com

Keith J. Miller, Esq. (*admitted pro hac vice*)
Justin T. Quinn, Esq. (*admitted pro hac vice*)

**ROBINSON MILLER LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
jquinn@rwmlegal.com

*Attorneys for Defendants*
*Allnurses.com, Inc. and*
*Brian Short, R.N.*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ......................................................................... 1

LEGAL ARGUMENT ...................................................................................... 3

POINT I

THE DISCOVERY SOUGHT BY PLAINTIFFS WAS PREVIOUSLY
DENIED TO THEM BY THE NEW JERSEY DISTRICT COURT ...................... 3

POINT II

THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT PERMIT
THE EXPEDITED DISCOVERY REQUESTED BY PLAINTIFFS HERE.......... 7

POINT III

THE INFORMATION SOUGHT BY PLAINTIFFS IS SHIELDED
FROM DISCLOSURE BY THE FIRST AMENDMENT.................................... 11

CONCLUSION ............................................................................................. 18

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                 <u>PAGE</u>

*Arista Records v. Does 1-54*,
      No. 08-1289, 2008 WL 4104563 (E.D. Mo. Aug. 29, 2008) ............................ 7, 10

*Arizona v. California*,
      460 U.S. 605 (1983) ................................................................................ 6

*Brinkerhoff v. Town of Paradise*,
      No 10-23, 2010 WL 4806966, at *7 (E.D. Cal. Nov. 18, 2010) ............................ 9

*Buckley v. Am. Constitutional Law Found.*,
      525 U.S. 182 (1999) ............................................................................ 11

*Dendrite Int'l Inc. v. Doe*,
      342 N.J. Super. 134 (2001) ........................................................ 12, 15, 16

*Doe v. 2TheMart.com*,
      140 F. Supp. 2d 1088 (W.D. Wash. 2001) ............................................. 13

*Doe v. Cahill*,
      884 A.2d 451 (Del. 2005) .................................................................... 12

*Doe I v. Individuals*,
      561 F. Supp. 2d 249 (D. Conn. 2008) .................................................. 12

*Enterline v. Pocono Med. Ctr.*,
      751 F. Supp. 2d 782 (M.D. Pa. 2008) .............................................. 12, 15

*Erie R.R. v. Tompkins*,
      304 U.S. 64 (1938) ............................................................................. 16

*Hasbro, Inc. v. Serafino*,
      168 F.R.D. 99, (D. Mass. 1996) .......................................................... 9

*Highfields Capital Mgmt., L.P. v. Doe*,
      385 F. Supp. 2d 969 (N.D. Cal. 2005) .................................................. 17

*Krinsky v. Doe 6*,
159 Cal. App. 4th 1154, 72 Cal. Rptr. 3d 231 (2008) ............................................. 12

*In re Lazaridis*,
865 F. Supp. 2d 521 (D.N.J. 2011) ........................................................................ 13

*Leang v. Jersey City Bd. of Ed.*,
198 N.J. 557 (2009) ............................................................................................... 16

*Linder v. Calero-Portocarrero*,
251 F. 3d 178 (D.C. Cir. 2001) ............................................................................... 9

*McIntyre v. Ohio Elections Comm'n*,
514 U.S. 334 (1995) ......................................................................................... 11, 12

*McVicker v. King*,
266 F.R.D. 92 (W.D. Pa. 2010) ........................................................................ 12, 15

*Moriarty v. Classic Auto Grp.*,
No. 13-5222, WL 884761, at *2 (D.N.J. Mar. 5, 2014) ......................................... 16

*Morrisey v. Allstate Ins. Co.*,
No. 08-2174, 2009 WL 2400963, at *1 (D. Colo. Aug. 5, 2009) ............................ 9

*Northland Ins. Co. v. Blaylock*,
115 F. Supp. 2d 1108 (D. Minn. 2000) .................................................................. 14

*Osborne v. Billings Clinic*,
No. 14-cv-126, 2014 WL 6769752, at *2 (D. Montana Dec. 1, 2014) .................... 5

*Reno v. Am. Civil Liberties Union*,
521 U.S. 844 (1997) ............................................................................................... 12

*Riley v. Walgreen Co.*,
233 F.R.D. 496 (S.D. Tex. 2005) ............................................................................. 5

*SafeHoo Group Ltd. V. ABC Co.*,
722 F. Supp. 2d 1210 (W.D. Wash. 2010) ............................................................. 16

*Sedersten v. Taylor*,
No. 09-30312009 WL 4802567, at *1 (W.D. Mo. Dec. 9, 2009) .................... 12, 13

*Sony Music Entm't Inc. v. Does 1-40*,
326 F. Supp. 2d 556 (S.D.N.Y. 2004) .................................................... 12

*Steen v. Garrett*,
No. 12-1662, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013 .............................. 5

*Sterling Savings Bank v. Federal Ins. Co.*,
No. 12-cv-0368, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012) ................. 5

*Stouts-Brunswick Assocs. Ltd. P'ship v. Bankers Trust Co.*,
No. 99-3206, 2004 WL 5231629, at *5 (D.N.J. Dec. 27, 2004) ............................ 16

*Swartout v. Thomas LaNore P.A.*,
No. 07-315, 2009 WL 1770540, at *2-3 (W.D. Mich. June 18, 2009) ................... 9

*Talley v. California*,
362 U.S. 60 (1960) ................................................................................ 12

*United States v. Bartsh*,
69 F. 3d 864 (8th Cir. 1995) ...................................................................... 6

*United States v. Carter*,
490 F.3d 641 (8th Cir. 2007) .................................................................... 6

*Zheng v. Quest Diagnostics, Inc.*,
248 F. App'x 416 (3d Cir. 2007) .............................................................. 15

## RULES, STATUTES, MISC.

Communications Decency Act, 28 U.S.C. §230 ......................................... 7, 8

Fed.R.Civ.P. Rule 25(a)......................................................................... 6, 8

Fed.R.Civ.P. Rule 26 ............................................................................ 7

Fed.R.Civ.P. Rule 34 ............................................................................ 9

Fed.R.Civ.P. Rule 45 .................................................................................................... 7, 8, 9

## PRELIMINARY STATEMENT

Defendants Allnurses.com and Brian Short respectfully submit this Memorandum of Law, along with the Declaration of Keith J. Miller, Esq. ("Miller Decl."), in opposition to the "Motion to Compel Responses to Previously Served Discovery" filed by Plaintiffs East Coast Test Prep, LLC d/b/a/ Achieve Test Prep and Mark Olynyk (collectively, "Plaintiffs").

This lawsuit was originally filed by Plaintiffs in the Superior Court of New Jersey, but was timely removed by Defendants to the United States District Court for the District of New Jersey and then transferred to this Court upon the motion of Defendants due to the lack of personal jurisdiction in that forum.  This Court has scheduled the Rule 16 initial conference for December 14, 2015, and has not otherwise authorized the parties to engage in discovery.  By this extraordinary motion, Plaintiffs are seeking to "enforce" discovery requests that they previously issued to Defendants before this lawsuit was removed to the District of New Jersey.  However, as detailed below, it is well-settled that unanswered State court discovery requests are nullified upon removal of a lawsuit to Federal court, as is the case here.  This well-settled law caused the District of New Jersey to <u>deny the exact same request</u> when it was previously made by Plaintiffs in this lawsuit, a fact which Plaintiffs' motion papers inexplicably fail to advise this Court of.  Under the "law of the case" doctrine, Plaintiffs are not entitled to a second bite at the apple on this issue, which has already been decided in favor of Defendants.

1

As set forth below in detail, there are other case-specific factors that weigh heavily against the extraordinary relief sought here by Plaintiffs.  Plaintiffs' motion papers fail to advise this Court that Defendant Brian Short died shortly after this lawsuit was transferred to the District of Minnesota.  Because Plaintiffs have not yet filed a Second Amended Complaint either removing Brian Short as a named defendant or substituting his estate as a defendant, there should not be any discovery or motion practice until that critical issue is resolved.  In fact, the nullified State court discovery requests that Plaintiffs are trying to "enforce" here are specifically directed to Brian Short, only proving they cannot be answered in their current form.  Plaintiffs also are improperly asking this Court to authorize the issuance of subpoenas to defendant Allnurses, which as set forth below clearly violates Rule 45 (and case law interpreting that Rule) since such subpoenas can only be issued to non-parties.

Another compelling reason for this Court to deny Plaintiffs' motion is that the information sought by Plaintiffs is shielded from disclosure by the First Amendment.  The gravamen of this lawsuit is that Plaintiffs (who run a test preparation company catering to nurses) are attempting to uncover the identity of anonymous "posters" who criticized their company on the Allnurses website (which hosts numerous anonymous discussions by members of the nursing community).  As discussed below, there is a substantial and ever-expanding body of law recognizing that such anonymous speech on the internet is protected by the First Amendment.  Accordingly, courts must exercise extreme caution when confronted with applications such as this one seeking to force a website to turn over electronic information which will effectively unmask the identities of its anonymous

2

posters and subject them to retaliation.  It is well-settled that courts cannot allow such discovery to proceed unless the requesting party satisfies a very exacting legal standard. As discussed below, Plaintiffs have not even attempted to satisfy the exacting legal standard that applies to their motion to unmask their anonymous internet critics. Accordingly, Defendants respectfully submit that this Court should not allow such extraordinary and consequential discovery to proceed based on the flimsy and procedurally defective motion filed by Plaintiffs.

## LEGAL ARGUMENT

### POINT I

### THE DISCOVERY SOUGHT BY PLAINTIFFS WAS PREVIOUSLY DENIED TO THEM BY THE NEW JERSEY DISTRICT COURT

Plaintiffs are seeking to enforce state court discovery requests that were served on Defendants prior to this case's removal to the District of New Jersey.  In support of their most recent motion to compel, Plaintiffs argue that they are entitled to responses to state court discovery requests because "the New Jersey District Court never formally ruled on the issue of the viability of the state court discovery served on the defendants."  Plfs.' Br. at 12.  Nothing could be further from the truth.  **On May 19, 2015, the Honorable James B. Clark, III, U.S.M.J. for the District of New Jersey, unequivocally agreed with Allnurses' position that the state court discovery was nullified upon removal to the District Court.**  (emphasis added).  *See* Transcript of May 19, 2015, Telephone Conf. with Hon. James B. Clark, III, U.S.M.J., P. 4 lines 13-24; P. 10 lines 3-7, attached to the Miller Decl. as Exh. A.  Plaintiffs never appealed Judge Clark's decision.  Rather, as detailed

below, Plaintiffs have conceded in several of their submissions to the New Jersey District Court that the Court had denied their request for state court discovery.   Accordingly, Plaintiffs' meritless motion should now be denied on that basis.

In their May 21, 2015, letter to Judge Clark seeking to serve subpoenas on Defendants Allnurses.com, Inc. and Brian Short, Plaintiffs admitted that the New Jersey District Court rejected their request to require Defendants to respond to state court discovery.  (ECF 10).  Plaintiffs noted the following:

> **During the telephone conference, Your Honor denied Plaintiffs' request to require that Allnurses respond to Plaintiffs' First Request For Production Of Documents ("Document Requests")** which had been served on Mr. Miller, as counsel for Allnurses, on April 16, 2015, **apparently adopting the position of Allnurses that the state court discovery was a nullity as a result of the removal**.

*See* Letter dated May 21, 2015, attached to Miller Decl. as Exh. B (emphasis added).

Thereafter, Plaintiffs filed a Motion to Serve Subpoenas and for Jursisdictional [sic] Discovery.  (ECF 19-1).  In support of their motion, Plaintiffs acknowledged that the District Court had previously denied their request for state court discovery.  Specifically, Plaintiffs explained:

> A telephone conference was held by Judge Clark, with Miller and Ravin to discuss Plaintiffs request.  **During the telephone conference, Judge Clark denied Plaintiffs' request to require that Allnurses and Short respond to document requests. Judge Clark adopted the position of Allnurses and Short that the state court discovery was a nullity as a result of the removal**.

*See* Plaintiffs' Brief, P. 2, dated June 12, 2015, attached to Miller Decl. as Exh. C (emphasis added).

4

Thus, Plaintiffs' representation to this Court that their request for state court discovery was not previously decided could be construed as a willful attempt by Plaintiffs to "hide the ball" in furtherance of their frivolous position. At a minimum, it is disingenuous for Plaintiffs to now seek a second bite at the apple regarding an issue that was squarely adjudicated by the New Jersey District Court.

In denying Plaintiffs' prior application for this discovery, the New Jersey District Court adopted the well-settled body of Federal law recognizing that unanswered state court discovery is nullified upon removal to the District Court. *See Sterling Savings Bank v. Federal Ins. Co.*, No. 12-cv-0368, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012) (noting that plaintiff's discovery requests, filed in state court before the case was removed, are no longer binding in Federal court . . . and that "discovery shall not commence until the parties participate in a Rule 26(f) conference…. As such, this Court determines that the discovery requests filed in state court by plaintiff before this action was removed are no longer in effect."); *see also Osborne v. Billings Clinic*, No. 14-cv-126, 2014 WL 6769752, at *2 (D. Montana Dec. 1, 2014) ("[T]he 'vast majority of courts' to have addressed this issue concluded that 'requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal.' Discovery requests served in state court are not held in abeyance pending the Rule 26(f) conference. Rather, the discovery effects are 'null and ineffective' after removal to federal court.") (quoting *Steen v. Garrett*, No. 12-1662, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013) & *Riley v. Walgreen Co.,* 233 F.R.D. 496, 499 (S.D.Tex. 2005).

5

In addition, it is well-established law that prior decisions in the same case shall be binding pursuant to the law-of-the-case doctrine. *See United States v. Bartsh,* 69 F.3d 864, 866 (8th Cir. 1995) (noting that the law-of-the-case doctrine has been described as "a means to prevent the relitigation of a settled issue in a case."). The doctrine requires adherence to earlier decisions in the same case in order to "ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Id*. In other words, the doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Carter*, 490 F.3d 641, 644 (8th Cir. 2007) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Accordingly, this Court should uphold the New Jersey District Court's prior ruling that the state court discovery Plaintiffs' seek was a nullity as a result of the removal.

Finally, even if this Court were to entertain Plaintiffs' motion to compel on the merits, Plaintiffs' motion should be denied because the state court discovery requests are facially deficient and procedurally improper. The discovery requests are addressed to Defendant Brian Short, who cannot respond to the requests because he is deceased and is no longer a proper party in this case. *See* Discovery Requests, attached to the Miller Decl. as Exh. D). Plaintiffs have yet to file a motion to again amend their Complaint to name the proper party as they are required to do. *See* Fed.R.Civ. P. Rule 25(a).

Additionally, Defendants have not had an opportunity to answer or move to dismiss Plaintiffs' Amended Complaint. Defendants do not believe that this frivolous lawsuit –

which runs afoul of well-established Constitutional and statutory[1] safeguards by seeking to impose liability on Defendants for allegedly defamatory comments that were posted on the Allnurses by anonymous third parties – will survive a motion to dismiss on the merits. However, should some of Plaintiffs' claims survive such a motion, Plaintiffs could then serve their discovery to the proper parties in the ordinary course following a Rule 26 conference.  In any event, this Court should deny Plaintiffs' premature and procedurally defective motion to compel discovery.

## POINT II

### THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT PERMIT THE EXPEDITED DISCOVERY REQUESTED BY PLAINTIFFS HERE

Plaintiffs posit the claim that Federal Rules "26 and 45 allow" provides support for their request for expedited discovery.  Plfs. Br. at 13.  Plaintiffs further contend, relying exclusively on *Arista Records, L.L.C. v. Does 1-54*, No. 08-1289, 2008 WL 4104563 (E.D. Mo. Aug. 29, 2008), that "good cause exists here because Plaintiffs need the IP addresses of the anonymous posters." *Id.* at 15.  Plaintiffs' arguments are devoid of merit.

*First*, Rule 26 of the Federal Rules of Civil Procedure ***does not*** support Plaintiffs' argument for expedited discovery.  Rule 26(d)(1) explicitly states that "[a] party ***may not seek discovery*** from any source before the parties have conferred as required by Rule 26(f)."  And Allnurses' obligation to engage in Rule 26(f) discussions is not triggered until November 23, 2015.  *See* Fed. R. Civ. P. 26(f) (noting that the parties are to confer "at least

---

1 Plaintiffs' claims against Defendants are barred by Section 230 of the Communications Decency Act, 28 U.S.C. § 230.

21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).").

More importantly, there is no reason to have such discussions now, as the current Complaint is invalid.[2] Specifically, Plaintiffs' Complaint names—and seeks relief from—Brian Short, R.N. (the founder of Allnurses.com) as a Defendant. But Mr. Short cannot be a named Defendant in this action because he tragically passed away after this case was transferred to this forum. As a result, Plaintiffs are required to amend their Complaint to add the correct party—a step Plaintiffs have not done. Rule 25 (a) governs the substitution of parties after death, and provides that after death of a party, "the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties." Fed.R.Civ.P. 25(a)(2). Rule 25(a)(1) requires "the motion for substitution ... [to be] made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." Fed.R.Civ.P. 25(a)(1). The rule further provides that if the motion for substitution is not timely made, then the "action shall be dismissed as to the deceased party." *Id*. This, too, undermines Plaintiffs' request for expedited discovery, as the operative pleading is null and void until Plaintiffs cure this deficiency.

*Second*, Plaintiffs' apparent reliance on Rule 45 to support their request for expedited relief is similarly misplaced. It is well settled that the Federal Rules of Civil Procedure—and case law interpreting Rule 45—do not allow discovery of a ***party*** through

---

[2] Plaintiffs' motion papers concede this point, as notably absent from the parties section of its brief is any mention of or reference to Brian Short, R.N.

the issuance of a subpoena under Rule 45.  *See Linder v. Calero-Portocarrero*, 251 F.3d 178, 180 (D.C. Cir. 2001) (Rule 45 "authorize[es] **parties** to serve subpoenas on "**persons**" **who are not parties to litigation** . . . .") (emphases added); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("While the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45."); *Brinkerhoff v. Town of Paradise*, No. 10-23, 2010 WL 4806966, at *7 (E.D. Cal. Nov. 18, 2010) (rejecting "plaintiff's subpoena *duces tecum* served upon [a] party []as ineffective to require production."); *Morrisey v. Allstate Ins. Co.*, No. 08-2174, 2009 WL 2400963, at *1 (D. Colo. Aug. 5, 2009) (holding "[t]hat discovery through subpoenas *duces tecum* on Defendant Allstate is not proper."); *Swartout v. Thomas LaNore P.A.*, No. 07-315, 2009 WL 1770540, at *2-3 (W.D. Mich. June 18, 2009) ("Generally, subpoenas under Rule 45 of the Federal Rules of Civil Procedure are not meant to serve as discovery tools among parties. . . .   The Federal Rules of Civil Procedure provide a separate mechanism under Rule 34 for obtaining document discovery from other parties[.] . . .  Here, the Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests. Thus, we can simply ignore his request that the Court issue these Rule 45 subpoenas."); *compare* Fed. R. Civ. P. 45(a)(1)(A)(iii) ("Every subpoena must . . . command **each person** to whom it is directed to do the following at a specified time and place") *and* Fed. R. Civ. P. 45(c)(2)(A) ("a subpoena may command a production of documents  . . . of where the **person** resides"), *with* Fed. R. Civ.

9

P. 45(c)(2)(B) ("A ***person commanded to produce documents or tangible things*** . . . may serve on the ***party*** . . . designated in the subpoena a written objection").

Here, Plaintiffs chose to assert claims against Allnurses as a party, as opposed to only suing the Doe defendants who allegedly defamed Plaintiffs. They must now live with the procedural consequences of that choice. Accordingly, Plaintiffs' motion for expedited discovery through the issuance of subpoenas on Allnurses is not authorized by Rule 45 and should be denied.

*Finally*, Plaintiffs' reliance on the Eastern District of Missouri's two-page decision in *Arista Records, L.L.C.* lacks merit. As a preliminary matter, the plaintiffs in that case ***properly sought*** to serve a Rule 45 subpoena "upon a ***third party Internet Service Provider*** to determine the true identify of ***54 John Doe defendants***." 2008 WL 4104563, at *1 (emphasis added). The court's decision in *Arista Records, L.L.C.* is thus clearly inapplicable as a factual matter to this case. Moreover, *Arista Records, L.L.C.* was a lawsuit brought by plaintiffs "to protect their copyrighted works from infringement." *Id.* This lawsuit concerns anonymous speech on the internet, not copyright infringement. Accordingly, the important First Amendment issues that are of paramount concern in this case (as discussed at length below) were not even addressed there. *Arista Records, L.L.C.* is clearly inapposite, and Plaintiffs' reliance upon it to somehow demonstrate "good cause" is unfounded.

# POINT III

## THE INFORMATION SOUGHT BY PLAINTIFFS IS SHIELDED FROM DISCLOSURE BY THE FIRST AMENDMENT

Plaintiffs incorrectly contend that "there is no First Amendment Bar" to the information they seek.  Plfs. Br. at 15.  Plaintiffs' contention demonstrates a fundamental misunderstanding of First Amendment law. [3]

The ultimate aim of Plaintiffs is to unmask the identities of anonymous individuals who posted criticisms of them on the Allnurses website.[4]  This, as a matter of law, implicates constitutionally protected internet free speech rights that must be accorded great deference by this Court:

> The United States Supreme Court has consistently held that "an author's decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) (holding that a ban on distributing anonymous campaign literature violates the First Amendment, explaining that '[a]nonymity is a shield from the tyranny of the majority"); *see also Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 200 (1999) (invalidating a Colorado law which required that initiative-petition circulators wear a badge identifying the circulator's name as a violation of the First Amendment);

---

[3] Plaintiffs incorrectly state that Allnurses previously argued that "Plaintiff [sic] should be required to notify the John Doe Defendants of the impending effort to secure their identification information, so that the posters could assert any First Amendment 'rights of anonymity.'"  This is a mischaracterization of Allnurses' prior arguments, as Allnurses has never asserted an objection on this ground, which is evidenced by a review of the briefing on this issue.  *See* ECF No. 15

[4] Plaintiffs cannot seriously contend that "Allnurses will not be revealing the identities of any anonymous posters . . . [b]y producing the requested IP addresses and e-mail addresses of the John Doe Defendants."  Plfs. Br. at 16.  Indeed, Plaintiffs argue at several points in their brief, that the information requested is exactly what "is necessary to begin the process of identifying the John Doe Defendants."  *Id.* at 18; *see also id.* at 2.  Plaintiffs' position on this critical issue is disingenuous.

> *Talley v. California*, 362 U.S. 60, 65 (1960) (declaring invalid
> an ordinance that prohibits the distribution of handbills that fail
> to identify the name and address of those responsible for their
> creation and distribution).  This First Amendment protection
> extends to speech via the Internet.  *See Reno v. Am. Civil
> Liberties Union*, 521 U.S. 844, 870 (1997) (finding that
> Supreme Court precedent "provide[s] no basis for qualifying
> the level of First Amendment scrutiny that should be applied
> to [the Internet]').  As one district court has stated, "[t]he
> Internet is a particularly effective forum for the dissemination
> of anonymous speech."  *Sony Music Entm't Inc. v. Does 1-40*,
> 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004) (copyright
> infringement action for the downloading and distribution of
> music via peer-to-peer file copying networks).

*McVicker v. King*, 266 F.R.D. 92, 94 (W.D. Pa. 2010); *see also Sedersten v. Taylor*, No.

09-3031, 2009 WL 4802567, at *1 (W.D. Mo. Dec. 9, 2009) ("The Supreme Court has

consistently held that an author's decision to remain anonymous . . . is an aspect of the

freedom of speech protected by the First Amendment.") (citing *McIntyre*, 514 U.S. at 342).

As to the appropriate standard to use when a plaintiff seeks to unmask an anonymous

internet speaker, the *McVicker* court noted that "federal and state trial courts have

developed a range of standards that plaintiffs must satisfy in order to obtain information

related to the anonymous speaker's identity."  *Id.* at 94-95 (citing *Enterline v. Pocono Med.

Ctr.*, 751 F. Supp. 2d 782 (M.D. Pa. 2008) (applying four-part test); *Doe I v. Individuals*,

561 F. Supp. 2d 249, 254-55 (D. Conn. 2008) (setting forth a seven-factor test); *Doe v.

Cahill*, 884 A.2d 451, 460 (Del. 2005) (holding disclosure may only be obtained if plaintiff

comes forward with "facts sufficient to defeat a summary judgment motion"); *Krinsky v.

Doe 6*, 159 Cal. App. 4th 1154, 72 Cal. Rptr. 3d 231, 245 (2008) (collecting and analyzing

cases); *Dendrite Int'l Inc. v. Doe*, 342 N.J. Super. 134 (2001) (requiring plaintiff to "set

forth a prima facie cause of action")).  "However, it is clear that a party seeking disclosure *must clear a higher hurdle where the anonymous poster is a non-party*."  *Id.* at 95 (emphasis added) (citing *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001) ("[N]on-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker."); *Sedersten*, 2009 WL 4802567, at *2 ("However, *a party seeking disclosure must clear a higher hurdle when the anonymous poster is a non-party*.") (emphasis added)).

Similarly, in *In re Lazaridis*, 865 F. Supp. 2d 521 (D.N.J. 2011), the Honorable Lois H. Goodman, U.S.M.J. granted a motion to quash a subpoena issued against a third-party website host seeking the names of anonymous posters.  In doing so, the Court recognized the serious First Amendment implications that would result from requiring a website host to disclose private e-mail addresses, names, and ISP addresses to a third party.  *Id.* at 528. The *Lazaridis* Court found that anonymous speakers posting on the internet are "afforded First Amendment protections, and a party seeking disclosure of the speaker's identity must show a compelling need for the discovery, such that the need outweighs any First Amendment right."  *Id.*

Here, it is clear that this is not the "exceptional case" in which plaintiffs have established a "compelling need" for the discovery they seek.  Indeed, Plaintiffs have not demonstrated that they have a compelling need for this discovery, nor that they face irreparable harm if they do not obtain this discovery.  The motion submitted by Plaintiffs' counsel merely states that the requested information is needed because "ISP's [sic] and

OSP's [sic] typically purge their IP Address logs after certain periods of time, such as six months or a year." Plfs. Br. at 15. This hearsay statement, which is rife with speculation, is the sole basis given for the extraordinary relief sought by Plaintiffs, and this hypothetical must fail as a matter of law. [5]    More than a mere risk of irreparable harm must be demonstrated; rather, there must a clear showing of immediate irreparable injury or a presently existing actual threat. *See Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000) ("Possible or speculative harm is not enough [to establish irreparable harm]."). An injunction (which is effectively what Plaintiffs are seeking here) "may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Id.* Thus, when balanced against the very real and weighty First Amendment concerns at issue here, as identified above, Plaintiffs' speculative request for extraordinary relief must be denied by the Court.

It should also be noted that the allegedly defamatory statements set forth in the Amended Compliant were made over a year ago, as far back as August 2014 (*see* Am. Compl. ¶¶ 109-110), yet Plaintiffs waited for ***several months*** to even claim that they needed to obtain discovery on an emergency basis. If the situation really was as dire as Plaintiffs now claim it is, Plaintiffs would have sought emergency relief much earlier in this litigation. Their failure to do so is telling.[6]

---

[5] Plaintiffs' counsel's self-serving Declaration does not change this fact; nor does the 2009 policy that is advanced by Plaintiffs. *See* ECF No. 19-2.

[6] It also should be noted that ***none*** of the alleged defamatory postings at issue in this litigation were made by employees and/or agents of Allnurses, which is a point that Allnurses has previously certified to. *See* Declaration of Brian Short, R.N.; ECF No. 18-2, attached to the Miller Decl. as Exh. E.

Plaintiffs next contend that Allnurses lack standing to assert the First Amendment

rights of its clients, who are the anonymous speakers plaintiffs seek to unmask.  Plaintiffs'

contention is misplaced.  In fact, Allnurses does have such standing, as recognized by many

of the Federal courts that have considered this issue.  For example, in *McVicker v. King*,

266 F.R.D. 92 (W.D. Pa. 2010), a subpoena was issued to a non-party media company

seeking the identity of anonymous message board posters.  *Id*. at 93.  The *McVicker* Court

noted:

> Plaintiff's first argument—lack of standing—can be rejected []
> summarily.   The  trend  among  courts  which  have  been
> presented  with  this  question  is  to  hold  that  entities  such  as
> newspapers, internet service providers and ***website hosts*** may,
> under the principle of *jus tertii* standing, ***assert the rights of
> their readers and subscribers***.

*Id*. at 95-96 (emphasis added); *see also Enterline*, 751 F. Supp. 2d at 787 (finding standing

for an online newspaper provider and noting, among other reasons, that "the anonymous

commentators to the [newspaper] website face practical obstacles to asserting their own

First Amendment rights because doing so would require revelation of their identities.").

Plaintiffs also claim, ***without citing any law to the contrary*** (*see* Mot. to Compel at

17), that the seminal case of *Dendrite International, Inc. v. Doe No. 3*, 342 N.J. Super. 134

(App. Div. 2001) is inapplicable.  *See id.*  Plaintiffs are mistaken, because the defamation

claims asserted by Plaintiffs in the Amended Complaint are based on New Jersey law.

Accordingly, although the Federal Rules of Civil Procedure now control this matter, this

Court must apply the substantive defamation law of New Jersey to this lawsuit.  *See Zheng*

*v. Quest Diagnostics, Inc.*, 248 F. App'x 416, 418-19  (3d Cir. 2007) (applying New Jersey

15

state law to defamation claim); *Moriarty v. Classic Auto Grp.*, No. 13-5222, 2014 WL 884761, at *2 (D.N.J. Mar. 5, 2014) ("In New Jersey, the cause of action of defamation is composed of three elements: '(1) the assertion of a false defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting to at least negligence by the publisher.'") (quoting *Leang v. Jersey City Bd. of Ed.*, 198 N.J. 557, 585 (2009)); *see also Stouts-Brunswick Assocs. Ltd. P'ship v. Bankers Trust Co.*, No. 99-3206, 2004 WL 5231629, at *5 (D.N.J. Dec. 27, 2004) ("Federal courts sitting in diversity ***must apply the substantive law of the forum state***.") (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

In any event, Federal courts throughout the country now look to the *Dendrite* case as a model for handling such requests for information, even when New Jersey substantive law is not involved. For example, in *SafeHoo Group Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1214 (W.D. Wash. 2010), the Court stated as follows:

> The case law, though still in development, has begun to coalesce around the basic framework of the test articulated in *Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134, (App. Div. 2001). In *Dendrite*, the plaintiff brought suit for defamation arising out of postings by anonymous defendants on an Internet message board. The plaintiff sought to compel the internet service provider to disclose the identities of the anonymous defendants, and one defendant responded by filing a motion to quash. The plaintiff argued, *inter alia*, that its defamation claim against the defendant was sufficient to withstand a motion to dismiss and, accordingly, that discovery of the defendant's identity was warranted. *Id.* at 764. The *Dendrite* court disagreed, and held that a plaintiff seeking such discovery must (1) give notice; (2) identify the exact statements that constitute allegedly actionable speech; (3) establish a prima facie cause of action against the defendant based on the complaint and all information provided to the

16

court; and (4) 'produce sufficient evidence supporting each element of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant.' *Id.* at 760. Additionally, if the plaintiff makes out a prima facie cause of action, the court must (5) 'balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed.'

*Id.* at 760-61; *see also Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005).

Here, plaintiffs have not even attempted to meet their burden under the *Dendrite* test (or any other test for that matter). For example, Plaintiffs have neither identified the allegedly actionable statements made by the anonymous posters, establishing prima facie causes of action against those posters, nor shown that these alleged causes of action are weightier than the First Amendment issues implicated by this lawsuit. Plaintiffs' failure to do so is fatal to their extraordinary request for relief.

This Court should also take into account the harm that would be inflicted directly on Allnurses if the identities of its clients were divulged to Plaintiffs, particularly since Allnurses' business model is premised on allowing its clients to speak anonymously without fear of their identities being unmasked. *See* Allnurses.com, Inc.'s Privacy Policy, *available at* http://allnurses.com/privacy-info.html (last visited May 26, 2015) ("***Your privacy on the Internet is of the utmost importance to us***. . . . Under ***no circumstances*** does Allnurses.com, Inc. divulge ***any information about an individual user to a third party***.") (emphases added). If plaintiffs are allowed to unmask the posters and retaliate against them for criticizing Plaintiffs, Allnurses faces the very real possibility that its

clients will stop using the Allnurses website for fear of facing similar retribution in the future.  On balance, these factors weigh heavily against allowing Plaintiffs to unmask the anonymous posters at issue in this case.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion to Compel Responses to Previously Served Discovery be denied.


Dated:  October 30, 2015                     By: *s/ James J. Kretsch, Jr.*
                                             James J. Kretsch, Jr.

                                             James J. Kretsch, Jr., Esq.
                                             **KRETSCH LAW OFFICE PLLC**
                                             17850 Kenwood Trail, Suite 219
                                             Lakeville, MN 55044
                                             (952) 832-5500
                                             jkretsch@kretschlaw.com

                                             OF COUNSEL:
                                             Keith J. Miller, Esq. (*admitted pro hac vice*)
                                             Justin T. Quinn, Esq. (*admitted pro hac vice*)
                                             **ROBINSON MILLER LLC**
                                             One Newark Center, 19th Floor
                                             Newark, New Jersey 07102
                                             (973) 690-5400
                                             kmiller@rwmlegal.com
                                             jquinn@rwmlegal.com

                                             *Attorneys for Defendants*
                                             *Allnurses.com, Inc. and*
                                             *Brian Short, R.N.*

18