## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| EAST COAST TEST PREP LLC and MARK OLYNYK,<br><br>                              Plaintiffs,<br><br>v.<br><br>ALLNURSES.COM, INC., DAVID R. SMITS, ABC COMPANIES, and JOHN DOES,<br><br>                              Defendants. | Civil No. 15-3705 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Richard L. Ravin, **HARTMAN & WINNICKI, P.C.**, 74 Passaic Street, Ridgewood, NJ  07450; Robert A. Lengeling, **BEITO & LENGELING, PA**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN  55415; and Paul A. Grote, **RIEZMAN BERGER, P.C.**, 7700 Bonhomme Avenue, Seventh Floor, St. Louis, MO  63105, for plaintiffs.

Keith John Miller, **ROBINSON MILLER LLC**, One Newark Center, Nineteenth Floor, Newark, NJ  07102, and John D. Reddall, **KRETSCH LAW FIRM, PLLC**, 17850 Kenwood Trail, Suite 219, Lakeville, MN 55044, for defendants Allnurses.com, Inc. and David R. Smits.

Plaintiff East Coast Test Prep LLC does business as "Achieve Test Prep," under the leadership and ownership of Plaintiff Mark Olynyk (collectively "ATP"). ATP filed this action in New Jersey state court alleging various claims, including defamation, breach of contract, and fraud against defendants Allnurses.com, Inc.; then-Allnurses CEO Brian Short, now deceased and replaced as a party with David R. Smits, the administrator of Short's estate; and a series of yet-to-be-identified "John Does" and "ABC" companies. The Court will refer to Allnurses.com, Inc. and Smits together as "Allnurses."

After ATP filed the case, Allnurses removed the case to the United States District Court for the District of New Jersey.  Allnurses then filed a motion to dismiss asserting only a defense that the New Jersey federal court lacked personal jurisdiction.  (*See* Mot. to Dismiss for Lack of Jurisdiction at 1-2, June 4, 2015, Docket No. 18 (moving to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(2)").)  The New Jersey federal court agreed that it lacked personal jurisdiction over Allnurses, but rather than dismiss the case, the court transferred the case to this Court, in the District of Minnesota, which the New Jersey federal court believed would have personal jurisdiction.  (Order at 7-9, Aug. 28, 2015, Docket No. 41.)  Upon arrival in Minnesota, but before filing its answer, Allnurses filed a second motion to dismiss, this time asserting that ATP had failed to state a claim for which relief could be granted.  (Mot. to Dismiss at 2, Jan. 25, 2016, Docket No. 98 (moving to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(6)").)  Because Allnurses' Rule 12(b) motion to dismiss is its second, and successive Rule 12(b) motions to dismiss are not permitted except to raise a subject-matter jurisdiction defense, the Court will deny Allnurses' motion to dismiss.  The Court will, however, permit Allnurses to file its motion as a Rule 12(c) motion for judgment on the pleadings after the pleadings have closed.

## ANALYSIS

Federal Rule of Civil Procedure 12(g)(2) states, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  This ban on successive Rule 12 motions is "salutary in that it works

against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment.

Here, Allnurses filed a Rule 12 motion to dismiss in the District of New Jersey, asserting only a defense that the United States District Court for the District of New Jersey lacked personal jurisdiction over Allnurses.  The New Jersey federal court found that Allnurses was correct and that it did lack personal jurisdiction, and the court transferred the case to the District of Minnesota.  Now, before filing its answer, Allnurses has filed a second Rule 12 motion to dismiss, this time asserting the defense that ATP has failed to state a claim for which relief can be granted.

The Court understands the parties to agree that Allnurses' failure-to-state-a-claim defense was available to it at the time it filed its first motion to dismiss in the District of New Jersey.  Although ATP amended its complaint after the case arrived in Minnesota, the parties also apparently agree that ATP's amendments were slight and were not related to the arguments Allnurses raises in their second motion to dismiss – in other words, Allnurses' current arguments could have been raised in their first motion to dismiss.  *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2004) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").  Therefore Rule 12(g)(2) applies, and unless Allnurses can avail itself of an exception, its successive Rule 12 motion is improper.

There are two relevant exceptions, but neither applies here.  First, a party may, after filing one Rule 12 motion, file a Rule 12(c) motion for judgment on the pleadings to

raise defenses of "[f]ailure to state a claim upon which relief can be granted," "[failure] to join a person required by Rule 19(b)," and "[failure] to state a legal defense to a claim." Fed. R. Civ. P. 12(h)(2).  But a motion for judgment on the pleadings is only available "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c).  Here the pleadings have not yet closed, so the first exception does not apply.  Second, even if a party has already filed one Rule 12 motion, he or she may file an additional Rule 12(b) motion to dismiss to assert a subject-matter-jurisdiction defense.  Fed. R. Civ. P. 12(h)(3).[1]  But Allnurses does not raise a subject-matter-jurisdiction defense.  Since neither of these exceptions apply, the Court may not consider Allnurses' second motion to dismiss.

The Court takes care to note that Allnurses has not waived its right to raise its failure-to-state-a-claim defense; it has only forfeited its opportunity to raise that defense in the context of a Rule 12 motion other than one for judgment on the pleadings. Rule 12(g)(2) and Rule 12(h) are not bastions of clarity and the two rules can be easily confused:  Rule 12(g)(2) bans all successive Rule 12 motions raising previously available defenses unless the successive motion fits into one of the two categories described above – certain motions for judgment on the pleadings, and motions to dismiss based on subject matter jurisdiction.  Rule 12(h)(1) states that a party waives a number of defenses if those defenses are not raised in an earlier Rule 12 motion, but the rule specifically excepts the failure-to-state-a-claim defense (along with a few others).  Together, these two rules indicate that a party who files a Rule 12 motion without raising a failure-to-state-a-claim

---

[1] The defenses listed in subsection (h)(2) may also be raised at trial or in Rule 7(a) pleadings, such as an answer or third-party complaint.  Fed. R. Civ. P. 12(h)(2).  A subject-matter jurisdiction defense may be raised "at any time."  Fed. R. Civ. P. 12(h)(3).

defense gives up their opportunity to raise that defense prior to the closing of the pleadings, but retains the right to present the defense later – the defense has not been waived – in a pleading, a Rule 12 motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2).

The Court also notes that even though adherence to Rule 12's formalities may appear to be nothing more than annoyance here, the Court must still follow the rule's dictates. A district court errs if it considers an improper successive Rule 12 motion, and it is also error for a district court to construe a successive and improper Rule 12 motion as a motion for judgment on the pleadings if the pleadings have not yet closed. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) (finding that the district court erred when it considered a successive pre-answer motion to dismiss for failure to state a claim); *see also Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 703 (10th Cir. 2014) (suggesting the same); *English v. Dyke*, 23 F.3d 1086, 1090-91 (6th Cir. 1994) (suggesting the same).

It is true that when a district court errs and considers an improper successive Rule 12 motion, the error is often harmless – but it is still error. *Leyse*, 804 F.3d at 321. A district court may not ignore the ban on improper successive Rule 12 motions simply because the Court's failure to enforce the rule may be insulated from reversal thanks to the forgiving rules appellate courts apply when reviewing harmless errors. The Third Circuit addressed this matter at some length in *Leyse*:

> We emphasize that district courts should enforce Rule 12(g)(2) even if their failure to do so is not a ground for reversal. Although some courts and commentators believe that allowing successive pre-answer motions to dismiss avoids delay, this seems to us like short-term thinking. In any

given case, requiring a defendant to file an answer and then a Rule 12(c) motion will take more time than allowing it to file a successive pre-answer Rule 12(b)(6) motion.  But over the long term, stringent application of Rule 12(g)(2) may motivate defendants to consolidate their arguments in a single pre-answer motion, especially if they know that the district court will not stay discovery while a post-answer Rule 12(c) motion is pending.

*Id.* at 322 n.5.[2]

The Court agrees with the Third Circuit.  While enforcing Rule 12(g)(2)'s provisions against a party that has already filed and briefed an improper successive Rule 12 motion imposes greater time and money costs than simply considering the improper motion, lax enforcement of the rule is indeed "short-term thinking."  *Id.* Litigants and federal courts are all better off when parties consolidate their defenses in one motion.  For example, at the time Allnurses filed its first motion to dismiss in New Jersey, where Allnurses asserted only its personal-jurisdiction defense, Allnurses had no reason to know that it would succeed on that defense; it was of course within the realm of possibility that the New Jersey federal court could have found that it did have personal jurisdiction over the case, and if it did find that it had jurisdiction, and if Allnurses had

---

[2] Allnurses argues the Court should look to the Seventh Circuit's interpretation of Rule 12(g)(2), rather than the Third Circuit.  In *Ennenga v. Starns*, the Seventh Circuit interpreted Rule 12 to permit a defendant to file a second motion to dismiss if the defense raised was that the plaintiff had failed to state a claim.  677 F.3d 766, 773 (7th Cir. 2012).  "Failure-to-state-a-claim defenses are thus excepted from the Rule 12(g)(2) consolidation requirement," the court concluded.  *Id.*  But this Court is not bound by the Seventh Circuit and finds that the Third Circuit's disagreement with *Ennenga* is persuasive:  "*Ennenga*'s logic 'fails to address the language from Rule 12(h)(2) that arguably limits a party to presenting [successive failure-to-state-a-claim] arguments in a pleading, a motion for judgment on the pleadings, or at trial.'" *Leyse*, 804 F.3d at 321 (alteration in original) (quoting *Albers*, 711 F.3d at 703).  The mistake in *Ennenga*'s appears to be reviewing Rule 12(h)(1)'s provision that a party does not waive a failure-to-state-a-claim defense by not including it in a motion to dismiss, and incorrectly construing that provision as an across-the-board exception for Rule 12(b)(6) motions, generally, from Rule 12(g)(2)'s ban on successive motions to dismiss.  That is an incorrect extension of the waiver exception.

also asserted its failure-to-state-a-claim defense, the New Jersey federal court could have dealt with the failure-to-state-a-claim issues now before this Court right at that time, possibly saving the parties nearly a year of litigation.  The point is that based on the information available at the time the first motion to dismiss was filed, the consolidation of all available defenses would have best served principles of efficiency and judicial economy.

The Court will therefore deny Allnurses' motion, but permit Allnurses to refile their motion as a Rule 12(c) motion for judgment on the pleadings after the pleadings have closed.  This approach will shoehorn Allnurses' motion into the Rule 12(h)(2) exception to the ban on successive Rule 12 motions, and will alter little of the substance of the motion because Allnurses will be permitted to raise its failure to state a claim defense in the context of the motion for judgment on the pleadings.  Also, the standard of review in a motion for judgment on the pleadings is the same as that in a Rule 12(b)(6) motion to dismiss.  *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015).

If Allnurses does choose to refile the motion as a motion for a judgment on the pleadings, it need only file the moving-paper document; **no additional briefing is necessary**.  Should the parties believe that the motion for judgment on the pleadings necessitates additional briefing, beyond that already provided to the Court for Allnurses' second motion to dismiss, the Court will permit the parties to request leave to submit additional briefing by filing a letter of no more than one page in length.  That letter must be filed within five days of the filing of Allnurses' motion for judgment on the pleadings, should Allnurses decided to file one.

Allnurses' responsive pleading must be served within fourteen days after notice of this order. Fed. R. Civ. P. 12(a)(4).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Allnurses' Motion to Dismiss [Docket No. 98] is **DENIED**.

2. Allnurses' responsive pleading must be served within fourteen (14) days after this Order is filed.

3. Allnurses is granted leave to file a motion for judgment on the pleadings after the pleadings have closed, and both parties may, if they chose, file one letter to the Court requesting leave to file supplemental briefing in addition to that already given in support of and opposition to Allnurses' Motion to Dismiss. The parties' letters are not to exceed one page in length and, if a party chooses to file such a letter, the letter must be filed within five days of the filing of Allnurses' motion for judgment on the pleadings.

DATED: September 19, 2016  
at Minneapolis, Minnesota.

                                                             _____s/ John R. Tunheim_____  
                                                           JOHN R. TUNHEIM  
                                                                  Chief Judge  
                                                            United States District Court