UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EAST COAST TEST PREP LLC and MARK OLYNYK,<br><br>                                    Plaintiffs,<br><br>v.<br><br>ALLNURSES.COM, INC., DAVID R. SMITS, ABC COMPANIES, and JOHN DOES,<br><br>                                    Defendants. | Civil No. 15-3705 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Richard L. Ravin, **HARTMAN & WINNICKI, P.C.**, 74 Passaic Street, Ridgewood, NJ  07450; Robert A. Lengeling and Thomas M. Beito, **BEITO & LENGELING, PA**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN  55415; and Charles S. Kramer and Paul A. Grote, **RIEZMAN BERGER, P.C.**, 7700 Bonhomme Avenue, Seventh Floor, St. Louis, MO  63105, for plaintiffs.

Justin Taylor Quinn and Keith John Miller, **ROBINSON MILLER LLC**, One Newark Center, Nineteenth Floor, Newark, NJ  07102, and James J. Kretsch, Jr. and John D. Reddall, **KRETSCH LAW OFFICE, PLLC**, 17850 Kenwood Trail, Suite 219, Lakeville, MN  55044, for defendants Allnurses.com, Inc. and David R. Smits.

Plaintiff East Coast Test Prep LLC, which does business as "Achieve Test Prep," and Plaintiff Mark Olynyk, the company's leader and owner (referred to collectively as "ATP"), bring this defamation action against Defendants Allnurses.com, Inc., David R. Smits (collectively "Allnurses"), and several John Does – users who posted comments on Allnurses' website.  This Court previously denied Allnurses' motion to dismiss because it was an improper second motion to dismiss, but granted Allnurses leave to pursue a motion for judgment on the pleadings asserting the same arguments once the pleadings

1

closed.  (*See* Mem. Op. & Order, Sept. 19, 2016, Docket No. 178.)  Allnurses then filed its answer on October 3, 2016, (Answer, Oct. 3, 2016, Docket No. 185), followed by a motion for judgment on the pleadings the next day, (Mot. for J. on Pleadings, Oct. 4, 2016, Docket No. 186).

The Court will deny Allnurses' motion at this time.  As ATP discussed in its letter response to the motion, ATP is attempting to discover the identities of the John Doe Defendants, and thus it has not had an opportunity to serve those defendants, nor have they had an opportunity to answer.  Generally, "where an action names multiple defendants, the pleadings are not closed until all defendants have answered." *Watson v. Cty. of Santa Clara*, No. C-06-04029, 2007 WL 2043852, at *1 (N.D. Cal. July 12, 2007) (collecting cases).  In this case, the John Doe Defendants have not been served and answered, and thus, the pleadings have not closed.

Some courts have exercised discretion to allow a motion for judgment on the pleadings before all defendants have answered "in only limited circumstances, such as when a plaintiff fails to serve one of the defendants." *Dunn-Mason v. JP Morgan Chase Bank Nat'l Ass'n*, No. 11-13419, 2013 WL 4084676, at *4 (E.D. Mich. Aug. 13, 2013).  At least one court has allowed a motion for judgment on the pleadings where the plaintiff had not yet served the other defendant, in part because "[a] contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant." *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993), *overruled on other grounds* by *Radici v. Associated Ins. Cos.*, 217 F.3d 737, 745 (9th Cir. 2000).  At this time, this case does not implicate the

concerns underlying the decision in *Moran*.  ATP continues its attempt to discover the identities of and serve the John Doe Defendants, and ATP currently has a motion to compel and a motion for leave to file an amended complaint pending with the Magistrate Judge.  Thus, the Court will not now exercise its discretion to hear the motion for judgment on the pleadings because it is not yet clear that the discovery of the additional defendants' identities is impossible or will result in significant delay.  That said, the Court notes that it does not intend the pleadings to remain open indefinitely, and if it becomes clear that additional defendants will not be added and served in a timely fashion, the Court would reconsider exercising its discretion to allow a new motion for judgment on the pleadings.  Accordingly, the Court directs the parties to file a letter reporting their view of the status of the case seven days after the Magistrate Judge rules on the pending motions.  The Court also directs the parties to work with the newly-assigned Magistrate Judge after the pending motions are decided, to set deadlines for future motions, including any new motion for judgment on the pleadings, in order to keep this litigation progressing promptly.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Allnurses' Motion for Judgment on the Pleadings [Docket No. 186] is **DENIED**.

4

DATED: December 20, 2016           *[signature: John R. Tunheim]*
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                   Chief Judge
                                       United States District Court