**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| East Coast Test Prep, LLC, d/b/a Achieve Test Prep, and Mark Olynyk, | Case No. 15-cv-3705 (JRT/SER) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Allnurses.com, Inc.; ABC Companies 1–10; John Does 1–10; David R. Smits, as Administrator of the Estate of Brian Short; Lisa Dukes; Jennifer Moeller; and Uhura Ross, | |
| Defendants | |
| Uhura Russ, | |
| Counter-claimant, | |
| v. | |
| East Coast Test Prep LLC and Mark Olynyk, | |
| Counter-defendants. | |

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on several motions: LadyFree28's Motion for Dismissal of Claim ("First Motion to Dismiss") [Doc. No. 188]; Plaintiffs' Motion to Dismiss Counterclaim of LadyFree28 [Doc. No. 238];[1] Defendant LadyFree28's Motion to Extend Response to Subpoena of Third Amended Complaint ("Motion to Extend Time to Respond to Third Amended Complaint") [Doc. No. 287]; LadyFree28's

---
[1] The term "Plaintiffs" refers to East Coast Test Prep, LLC, doing business as Achieve Test Prep ("APT"), and Mark Olynyk.

Motion for Dismissal of Third Amended Complaint for Civil Case No. 15-cv-03705-JRT-SER ("Motion to Dismiss Third Amended Complaint") [Doc. No. 291]; LadyFree28's Motion to Request to Change Scheduling Order ("Motion to Amend Scheduling Order") [Doc. No. 289]; LadyFree28's Motion for Amendment to Counterclaim Related to Civil Case No. 15-cv-03705-JRT-SER ("Motion to Amend Counterclaim") [Doc. No. 293]; LadyFree28's Motion to Compel Discovery and Subpoena of Record ("Motion to Compel") [Doc. No. 295]; and Jennifer Moeller's Motion for Dismissal Based on Lack of Personal Jurisdiction ("Moeller's Motion to Dismiss") [Doc. No. 320]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 330]. For the reasons stated below, the Court recommends denying the motions to dismiss [Doc. Nos. 188, 238, 291, 320]. Further, the Court grants LadyFree28's Motion to Amend Scheduling Order, and denies LadyFree28's Motion to Extend Time to Respond to Third Amended Complaint, LadyFree28's Motion to Amend Counterclaim, and LadyFree28's Motion to Compel.

## I. BACKGROUND

### A. Factual Background

This case has a long, tortured history. *See* (Order Dated Jan. 24, 2017, "Order 267") [Doc. No. 267 at 2–20]. The dispute concerns the following basic allegations: ATP provides test preparation services for individuals who intend to enter various career fields, including nursing. (Second Am. Compl., "SAC") [Doc. No. 97 ¶ 19]. Defendant Allnurses.com Inc. ("Allnurses") runs a website that describes itself as "the collective voice of the nursing community, supporting the profession by providing a place where nurses can network, share and learn from their peers." (*Id.* ¶ 31) (internal quotation marks omitted). Members may post comments or questions and

receive responses from other members on "a range of topics in the field of nursing, including but not limited to education and required coursework/exams for licensure." (*Id.* ¶ 34).

On February 12, 2013, a member posed a thread entitled "Achieve Test Prep . . . anyone?" that contained "an extended discussion about the advantages and disadvantages of using ATP's test prep services in conjunction with" a registered nurse program at Excelsior College. (*Id.* ¶¶ 110–11). ATP alleges that several statements in the thread are false. *See* (*id.* ¶¶ 117–23, 128–32, 165–66, 169–72, 175–79).

> ATP alleged that all of the false statements about ATP by the John Does [anonymous posters] were made with negligence as to their falsity, with reckless disregard as to whether the statements were true or false, or with knowledge as to their falsity; the statements were made willfully or maliciously; the statements were made in bad faith; and as a result, ATP's business was harmed.

(Order 267 at 12) (citing SAC ¶¶ 183–85). ATP also alleges several claims, in addition to defamation, against the various defendants. *See* (SAC ¶¶ 334–527).

### B. Procedural Background

For the purposes of the pending motions, the following procedural history is relevant. Plaintiffs filed the SAC on January 22, 2016. Following the denial of its motion to dismiss, Allnurses—and Defendant David R. Smits, as administrator of the Estate of Brian Short—answered the SAC on October 3, 2016. (Defs.' Answer to SAC) [Doc. No. 185]. The identity of the individuals posting on the Allnurses's thread has been the subject of several motions in this case vis-à-vis the posters' First Amendment rights. *See, e.g.*, (Order 267 at 13–55). ATP discovered the identity of three Allnurses posters who posted anonymously on the thread at issue; their user names are duskyjewel, LadyFree28, and Pixie.RN. (*Id.* at 18). LadyFree28 and duskyjewel have participated actively in this case, primarily using their user names, in accordance with Court-established procedures. *See* (*id.*).

3

LadyFree28 moved to dismiss the SAC and filed a counterclaim. (First Motion to Dismiss); (Countercl.) [Doc. No. 184]. LadyFree28 filed a second counterclaim on November 2, 2016, which ATP moved to dismiss. (Countercl., "Countercl. 219") [Doc. No. 219]; (Plaintiffs' Mot. to Dismiss Countercl. of LadyFree28); *see also* (Mem. in Supp. of Pls.' Mot. to Dismiss Countercl. of LadyFree28) [Doc. No. 240 at 4].

On January 24, 2017, the Honorable Janie S. Mayeron, United States Magistrate Judge, ruled on several non-dispositive motions. *See generally* (Order 267). Of relevance to the pending motions, Judge Mayeron denied Plaintiffs' motion to compel discovery related to determining the identity of two Allnurses users, JustBeachyNurse and monkeyhq, and denied Plaintiffs' motion to supplement the record to include information that JustBeachyNurse was considered "Allnurses Personnel" when she posted her comments and that Allnurses has known her identity.[2] (*Id.* at 55–59). Judge Mayeron also granted Plaintiffs' motion for leave to file a third amended complaint, which included naming duskyjewel, LadyFree28, and Pixie.RN as defendants. (*Id.* at 65). ATP filed the Third Amended Complaint [Doc. No. 268] the same day Judge Mayeron issued Order 267. Judge Mayeron issued a subsequent order stating that if no objections to Order 267 were filed, Defendants would have additional time to respond to the Third Amended Complaint, but if objections were filed, "the requirement for defendants to serve and file a response to the Third Amended Complaint . . . is stayed until the objections are ruled upon by Chief Judge Tunheim." (Order Dated Jan. 25, 2017, "Order 271") [Doc. No. 271].

The following day, the case was reassigned to the undersigned due to Judge Mayeron's retirement. *See* (Text Only Entry Dated Jan. 26, 2017) [Doc. No. 274]. Allnurses appealed Order

---

[2] Although Plaintiffs also sought the identities of duskyjewel, LadyFree28, and Pixie.RN, it learned their identities prior to the hearing on the motion to compel. (Order 267 at 18). Therefore, Judge Mayeron found Plaintiffs' motion to compel moot with respect to the users that ATP had already identified. (*Id.* at 29).

4

267 to the extent it allowed Plaintiffs to file the Third Amended Complaint and to the extent it concluded that Plaintiffs' motion to compel was moot with respect to the identified posters. (Defs.'Appeal/Obj. of Mag. J. Decision Issued Jan. 24, 2017 [Docket 267], Pursuant to D. Minn. LR 72.2) [Doc. No. 278 at 4]. Plaintiffs objected to Judge Mayeron's denial of its motion to compel with respect to posters monkeyhq and JustBeachyNurse and to Judge Mayeron's denial of Plaintiffs' motion to supplement the record. (Pls.' Objs. to Order 267 Denying in Part Pls.' Mot. to Compel Disc. of Identification of John Doe Defs.) [Doc. No. 279]; (Pls.' Objs. to Order Denying Pls.' Mot. to Suppl. R.) [Doc. No. 280]. These objections are currently pending before the Honorable John R. Tunheim, Chief Judge.

On February 16, 2017, LadyFree28 filed several documents, including her opposition to Plaintiffs' motion to dismiss her counterclaim, her Motion to Extend Time to Respond to Third Amended Complaint, Motion to Dismiss Third Amended Complaint, Motion to Amend Scheduling Order; Motion to Amend Counterclaim; and Motion to Compel. On March 2, 2017, Jennifer Moeller ("Moeller") moved to dismiss the Third Amended Complaint.[3] Chief Judge Tunheim referred the motions to dismiss [Doc. Nos. 188, 238, 291, 320] to the undersigned on March 28, 2017. (Order of Reference).

## II. DISCUSSION

The objections to Judge Mayeron's Order 267 complicate the analysis of the pending motions. Significantly, Order 267 permitted Plaintiffs to file the Third Amended Complaint, which is now the operative pleading. But because Allnurses objects to that decision, Chief Judge

---

[3] Moeller, whose pseudonym is duskyjewel, signed her Motion to Dismiss using her true name. Because LadyFree28 continues to use her pseudonym to sign her pleadings and other documents, the Court will continue to use her pseudonym until Chief Judge Tunheim issues his ruling on the pending objections.

5

Tunheim's forthcoming ruling has the potential to reverse that decision, rendering the Second Amended Complaint the operative pleading.

The following recommendations and orders, therefore, are made consistent with the Federal Rules of Civil Procedures's guiding principle they must be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. The Court is optimistic that, upon receipt of Chief Judge Tunheim's ruling on the objections to Order 267, this case can advance out of the pleading stage and move towards resolution as it has been mired in procedural wrangling about pleadings far too long.

### A. First Motion to Dismiss

At the time LadyFree28 filed her First Motion to Dismiss, the operative complaint was the Second Amended Complaint. *See* (First Mot. to Dismiss). The filing of the Third Amended Complaint renders the First Motion to Dismiss moot, and the Court therefore recommends it be denied. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."). Because the propriety of the filing of the Third Amended Complaint is pending Chief Judge Tunheim's review, however, LadyFree28 is free to renew her motion to dismiss if Chief Judge Tunheim vacates Order 267 and the Second Amended Complaint again becomes the operative pleading.

### B. Motions Related to the Third Amended Complaint

Judge Mayeron stayed all responses to the Third Amended Complaint pending the resolution of objections to Order 267. *See* (Order 271). Thus, that order impacts several pending motions.

First, LadyFree28 and Moeller moved to dismiss the Third Amended Complaint. In light of Judge Mayeron's order staying responses, the undersigned stayed briefing on these motions. (Text Only Orders) [Doc. Nos. 319, 328]. Because a motion to dismiss is a response to a compliant, the motions to dismiss contravene Order 271, and therefore, the Court recommends that they be denied. Nonetheless, LadyFree28 and Moeller may renew their motions to dismiss if Chief Judge Tunheim determines that the Third Amended Compliant is appropriately filed and remains the operative pleading. Therefore, the Court recommends dismissing these motions without prejudice.

Second, LadyFree28 also seeks to amend Counterclaim 219. *See* (Mot. to Amend Countercl.);[4] (Mem. of Law in Supp. of Mot. to Amend Countercl.) [Doc. No. 294]. Plaintiffs do not address what impact the Third Amended Complaint has on LadyFree28's previously filed counterclaim (*i.e.*, Counterclaim 219). *See* (Mem. of Law in Opp'n to Mot. to Amend Countercl.). Because a counterclaim forms part of a response to a complaint, the Federal Rules of Civil Procedure permit LadyFree28 to assert a new, superseding counterclaim against Plaintiffs in response to the Third Amended Complaint. In light of the uncertainty regarding the Third Amended Complaint and because all responses to the Third Amended Complaint are currently stayed, *see* (Order 271), the Court denies the Motion to Amend Counterclaim without prejudice.

---

[4] The proposed amended counterclaim appears to be filed before the motion and therefore appears on the docket as if it is a properly filed pleading. *See* (Am. Countercl.) [Doc. No. 285]. The Court believes, however, that the document filed at Document Number 285 is actually the proposed amended counterclaim. *See also* (Mem. in Opp'n to Mot. to Amend Countercl.) [Doc. No. 311 at 4]. Both the Motion to Amend Counterclaim and the proposed amended counterclaim were filed on the same day, and the proposed amended counterclaim contains the changes described in the motion. Therefore, the Court will ask the Clerk's Office to change the docket text of Document Number 285 from "Amended Counterclaim" to "Proposed Amended Counterclaim."

LadyFree28, however, is free to renew her motion as appropriate if Chief Judge Tunheim determines that the Third Amended Complaint is properly filed.

Third, Plaintiffs move to dismiss Counterclaim 219. (Mot. to Dismiss Countercl. of LadyFree28). As stated above, it appears likely that LadyFree28 may file a counterclaim in response to the Third Amended Complaint. If she does file another counterclaim in response, the new counterclaim would render Plaintiffs' motion moot. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended [pleading] supercedes an original [pleading] and renders the original [pleading] without legal effect."). In light of the uncertainty regarding the Third Amended Complaint and the stay of responses to it, the Court recommends denying the motion without prejudice. If, however, Chief Judge Tunheim determines that the Third Amended Complaint should not have been filed, Plaintiffs may renew their motion to dismiss Counterclaim 219.

Finally, the Court denies LadyFree28's Motion to Extend Time to Respond to Third Amended Complaint as moot for two reasons. First, this motion is moot because LadyFree28 already responded by filing her Motion to Dismiss Third Amended Complaint. Second, this motion is moot in light of Order 271 staying responses to the Third Amended Complaint.

### C. Motion to Amend Scheduling Order

LadyFree28 requests that the scheduling order be changed to accommodate her *pro se* status, but does not provide specific alternate dates. (Mot. to Amend Scheduling Order); *see also* (Mem. of Law in Supp. of Mot. to Amend Scheduling Order) [Doc. No. 290]. Nonetheless, Plaintiffs do not dispute that the scheduling order will need to be adjusted. *See* (Pls.' Combined Mem. to the Ct. Regarding Mot. for Extension & Mot. to Amend Scheduling Order) [Doc. No. 312 at 3–4].

The most recent scheduling order specifically contemplates changes in light of the anticipated rulings ultimately decided in Order 267, among other anticipated rulings that have since been issued. *See* (Third Am. Pretrial Scheduling Order) [Doc. No. 247 at 2]. Therefore, LadyFree28's motion is granted. The Court will defer issuing a fourth amended pretrial scheduling order, however, until Chief Judge Talheim's ruling on Order 267.

### D. Motion to Compel

LadyFree28 moves to compel documents from "East Coast Test Prep et al." (Mot. to Compel). Plaintiffs aver that LadyFree28 has not served them with "interrogatories, document requests, or requests for admissions." (Decl. of Paul A. Grote) [Doc. No. 314 ¶ 3].

Rule 34 of the Federal Rules of Civil Procedure governs requests for production of documents. A party seeking to compel a response to discovery may be made if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Because LadyFree28 has not made a request under Rule 34, her motion is premature. Therefore, the Court denies LadyFree28's Motion to Compel without prejudice. LadyFree28 may renew her motion after she has complied with Rules 34 and 37.

## III. CONCLUSION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. LadyFree28's Motion for Dismissal of Claim [Doc. No. 188] be **DENIED as moot**;

2. Plaintiffs' Motion to Dismiss Counterclaim of LadyFree28 [Doc. No. 238] be **DENIED without prejudice**;

3. LadyFree28's Motion for Dismissal of Third Amended Complaint for Civil Case No. 15-cv-03705-JRT-SER [Doc. No. 291] be **DENIED without prejudice**; and

4. Jennifer Moeller's Motion for Dismissal Based on Lack of Personal Jurisdiction [Doc. No. 320] be **DENIED without prejudice**.

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. LadyFree28's Motion to Extend Response to Subpoena of Third Amended Complaint [Doc. No. 287] is **DENIED as moot**;

2. LadyFree28's Motion to Request to Change Scheduling Order [Doc. No. 289] is **GRANTED**;

3. LadyFree28's Motion for Amendment to Counterclaim Related to Civil Case No. 15-cv-03705-JRT-SER [Doc. No. 293] is **DENIED without prejudice**;

4. The Clerk's Office is directed to change the docket text of Document Number 285 from "Amended Counterclaim" to "Proposed Amended Counterclaim."

5. LadyFree28's Motion to Compel Discovery and Subpoena of Record [Doc. No. 295] is **DENIED without prejudice.**

Dated: May 19, 2017

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.