| | |
|---|---|
| EAST COAST TEST PREP LLC and<br>MARK OLYNYK,<br><br>        Plaintiffs,<br><br>v.<br><br>ALLNURSES.COM, INC., DAVID R. SMITS,<br>LISA DUKES, JENNIFER MOELLER,<br>UHURA RUSS, ABC COMPANIES, and<br>JOHN DOES,<br><br>        Defendants. | Civil No. 15-3705 (JRT/SER)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Richard L. Ravin, **HARTMAN & WINNICKI, P.C.**, 74 Passaic Street, Ridgewood, NJ 07450; Robert A. Lengeling and Thomas M. Beito, **BEITO & LENGELING, PA**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415; and Charles S. Kramer and Paul A. Grote, **RIEZMAN BERGER, P.C.**, 7700 Bonhomme Avenue, Seventh Floor, St. Louis, MO 63105, for plaintiffs.

Justin Taylor Quinn and Keith John Miller, **ROBINSON MILLER LLC**, One Newark Center, 19th Floor, Newark, NJ 07102, and James J. Kretsch, Jr. and John D. Reddall, **KRETSCH LAW OFFICE, PLLC**, 17850 Kenwood Trail, Suite 219, Lakeville, MN 55044, for defendants Allnurses.com, Inc. and David R. Smits.

Plaintiffs East Coast Test Prep LLC, which does business as "Achieve Test Prep," and Mark Olynyk (referred to collectively as "ATP") bring this defamation action against Defendants Allnurses.com, Inc. and David R. Smits (collectively "Allnurses"), as well as several John Doe Defendants – users who posted comments on Allnurses' website under pseudonymous usernames. ATP sought to compel discovery regarding the identities of

the remaining anonymous Doe Defendants – JustBeachyNurse and monkeyhq – and to supplement the record of that motion with new information about JustBeachyNurse's prior ties to Allnurses. ATP also moved for leave to amend its complaint to add new factual allegations and claims. United States Magistrate Judge Janie S. Mayeron denied ATP's motion to compel and motion to supplement, but granted ATP's motion for leave to amend its complaint.

ATP now objects to the Magistrate Judge's denial of its motion to compel and motion to supplement, and Allnurses objects to the Magistrate Judge's grant of ATP's motion for leave to amend the complaint. Because the Court finds no error in the Magistrate Judge's order, the Court will overrule both parties' objections and affirm the Magistrate Judge's order.

**BACKGROUND**

In March 2016, the Court denied a prior motion to compel brought by ATP seeking the identities of the Doe Defendants. East *Coast Test Prep LLC v. Allnurses.com, Inc.*, 167 F. Supp. 3d 1018 (D. Minn. 2016). In that order, the Court described a standard that ATP would have to meet for any future motion to compel: (1) ATP would have to "make reasonable efforts to notify the speaker by, for example, attempting notice via the same medium used by the speaker to send or post the at-issue message"; (2) ATP would have to "produce prima facie support for all of the elements of [its] case that are within [its] control"; (3) the Court would consider "whether [ATP] ha[d] identified specific statements" and whether it had "an alternative means of

obtaining the information"; and (4) the Court would then weigh ATP's interest in obtaining the information against the possible chilling effect that requiring the disclosure of the information might have on the free exercise of the speaker's First Amendment rights. *Id.* at 1024-25.

In light of the first prong of that standard, the parties and the Magistrate Judge worked to establish a notification procedure that would allow the Doe Defendants to respond to the motion to compel if they chose, while still protecting their identities. (*See* Order on Procedure for Addressing First. Amendment Disc. Issues at 1-4, May 19, 2016, Docket No. 144 (directing the parties to "attempt to agree on 'Content and Modality of Notice'").) Following agreement on some aspects of the notice, the Magistrate Judge issued an order resolving remaining disputes and establishing the notice that would be placed on Allnurses' website. (Mem. Op. & Order, Aug. 22, 2016, Docket No. 153.) The Magistrate Judge subsequently amended its order based on agreement by the parties. (Am. Order, Aug. 31, 2016, Docket No. 156.) The notice provided a mechanism by which the Doe Defendants could remain anonymous to ATP, while still providing their contact information to the Court.[1] (*Id.*, Ex. B.) Neither party objected to this order

---

[1] The notice stated

> Any John Doe Defendant objecting to ATP's Motion to Compel Discovery must file with the Clerk of Court for the District of Minnesota a written response to the motion and serve a copy on all counsel of record . . . .
>
> . . . .

(Footnote continued on next page.)

within the time frame provided for by local rule. *See* D. Minn. LR 72.2(a)(1). ATP filed a new motion to compel on September 12, 2016, seeking identifying information regarding the Doe Defendants. (Pls.' Mot. to Compel Disc., Sept. 12, 2016, Docket No. 172.)

LadyFree28 and duskyjewel responded to the notice on Allnurses' website by filing redacted objections with the Court and sending unredacted versions to the Magistrate Judge.[2] (Obj. to Mot. to Compel, Sept. 29, 2016, Docket No. 180; Redacted Mot. for Protective Order, Oct. 4, 2016, Docket No. 189.) After those filings, ATP used the information provided in LadyFree28's and duskyjewel's public filings, "in combination with the information provided by the John Doe Defendants themselves,

_____
(Footnote continued.)

> If you are not represented by a lawyer, you must include with your written response, your name, address and phone number. However, if you do not want to reveal your identity (name, address and phone number) to the parties, you may do this by (a) filing with the Clerk of Court and serving on counsel of record for the parties a written response that redacts (hides or removes) your name, address and phone number, and (b) by sending an unredacted version of the same written response to Magistrate Judge Mayeron . . . .
>
> . . . .
>
> Magistrate Judge Mayeron will not disclose your name, address and phone number to ATP, Allnurses or counsel of record for these parties. The Court will only use this information to communicate to you about the motion, including the outcome of the motion.

(Am. Order, Ex. B at 4-5.)

[2] As described by the Magistrate Judge, LadyFree28 accidentally filed unredacted versions of her objections and other documents on the docket. (Order at 17 n.7, Jan. 24, 2017, Docket No. 267.) Upon discovering the error, the Magistrate Judge quickly sealed these documents and directed counsel not to use that information or divulge it to anyone. (*Id.*)

elsewhere, using their Allnurses usernames," to discover LadyFree28's and duskyjewel's identities; ATP also learned the identity of a Doe Defendant who did not file objections – Pixie.RN. (Letter Resp. in Opp'n to Req. for Recons. at 1, Nov. 25, 2016, Docket No. 242 (emphasis omitted); *see also* Suppl. Decl. of Richard L. Ravin ¶¶ 11, 14-15, Nov. 7, 2016, Docket No. 225.)

On November 10, 2016, ATP moved to amend its complaint to add the true names of LadyFree28, duskyjewel, and Pixie.RN and additional factual allegations related to Allnurses' conduct during litigation. (Pls.' Mot. for Leave to File Third Am. Compl., Nov. 10, 2016, Docket No. 230.)

Upon learning of ATP's discovery, Allnurses filed a letter seeking permission to file a motion for reconsideration of the order that established the notice to be posted on Allnurses' website. (Letter to Req. Permission to File Mot. to Reconsider, Nov. 23, 2016, Docket No. 237.) Allnurses argued that ATP "used information provided to [it] by both court personnel and the Does to determine the identity of multiple Does prior to resolving the weighty First Amendment issues." (*Id.* at 1.)

The Magistrate Judge denied Allnurses' request on November 29, 2016. (Letter Den. Permission to File Mot. to Reconsider, Nov. 29, 2016, Docket No. 244.) In that letter, the Magistrate Judge rejected Allnurses' argument that the legal notice presented the Doe Defendants with an unfair choice to either (1) respond to the notice and risk revealing their identities or (2) forgo the opportunity to respond and remain anonymous. The Magistrate Judge explained:

> The fact that LadyFree28 and duskyjewel chose to share information in their substantive responses that assisted plaintiffs' efforts to discover their identities is not a product of the process set out in the Order for allowing them to mask their identities. In short, the Court created a procedure that would allow the anonymous John Does to oppose plaintiffs' motion without having their identities **revealed**; it did not create a process in which it could guarantee that a John Doe's identity would not ultimately be **discovered** based on the substance of their objections or through other means.

(*Id.* at 5.)

On December 21, 2016, ATP moved to supplement the record of its motion to compel. (Pls.' Mot. to Suppl. R., Dec. 21, 2016, Docket No. 251.) ATP had recently learned from Allnurses' response to interrogatories that JustBeachyNurse was a moderator on Allnurses' website until August 2013, and ATP asked the court to consider this information while deciding its motion to compel.

On January 24, 2017, the Magistrate Judge issued an order resolving ATP's motions. (*See* Order, Jan. 24, 2017, Docket No. 267.) The Magistrate Judge denied ATP's Motion to Compel. The Magistrate Judge denied the motion in part as moot because ATP had already learned the identities of three Doe Defendants – LadyFree28, duskyjewel, and Pixie.RN. The Magistrate Judge then denied ATP's motion as to the remaining Doe Defendants – JustBeachyNurse and monkeyhq – finding that ATP failed to meet the second and fourth prongs of the standard the Court described in its prior order. The Magistrate Judge also denied ATP's motion to supplement the record. The Magistrate Judge found the new information irrelevant to the motion-to-compel analysis. Finally, the Magistrate Judge granted ATP's motion for leave to file an amended

complaint, finding it was timely under the scheduling order and that adding the new claims would not be futile.

ATP now objects to the Magistrate Judge's denial of its motion to compel as to JustBeachyNurse and monkeyhq and the Magistrate Judge's denial of its motion to supplement the record. Allnurses objects to the Magistrate Judge's grant of ATP's motion for leave to amend the complaint.

## ANALYSIS

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (citation omitted).

## II.     ATP'S OBJECTIONS

ATP objects to the Magistrate Judge's denial of its motion to compel production of the identities of JustBeachyNurse and monkeyhq. Under the framework described by the Court in its prior order, in determining whether to grant a motion to compel unmasking anonymous speakers, the Court considers: (1) whether the party seeking to identify an anonymous speaker has "ma[d]e reasonable efforts to notify the speaker"; (2) whether "the plaintiff . . . [has] produce[d] prima facie support for all of the elements of his or her case that are within his or her control"; (3) whether the party identified specific statements and whether the party could gain the information through alternative means; and (4) how the interest of the party seeking the information weighs against the possible chilling effect of allowing the disclosure on the exercise of the relevant free speech right. East *Coast Test Prep*, 167 F. Supp. 3d at 1024-25.

### A.     Prima Facie Case

The Magistrate Judge found that ATP failed to satisfy the second prong of this test because ATP did not establish a prima facie case of defamation as to JustBeachyNurse or monkeyhq. In support of those claims, ATP relies on JustBeachyNurse's comment that "ATP and similar services will be redundant as of July 1, 2014 when all challenge exam candidates will be mandated to take the Excelsior online exam prep classes prior to becoming eligible to sit the challenge exams," and on monkeyhq's comment, "[a]s Beachy said, Test Prep companies for Excelsior Exams will be obsolete by July 1, 2015; so unless you plan to finish EVERYTHING by that time, it is a total waste of your

investment." (Order at 36 (footnote omitted); *see also* Pls.' Mot. to Compel Obj. at 9, Feb. 7, 2017, Docket No. 279.)

After considering those posts in the context of the entire message board thread, the Magistrate Judge found that JustBeachyNurse's and monkeyhq's statements could not support a prima facie case of defamation because they were "pure opinion." (Order at 50-53.) The Magistrate Judge noted that the statements – whether or not a service is redundant or obsolete – reflected the state of mind of the speaker and were not verifiable. (*Id.* at 51-52); *see also Riverside Church v. City of St. Michael*, 205 F. Supp. 3d 1014, 1044 (D. Minn. 2016) ("[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." (quoting *Schlieman v. Gannett Minn. Broad., Inc.*, 637 N.W.2d 297, 308 (Minn. Ct. App. 2001))); *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 205 (D.N.J. 2011) (stating that "[s]tatements of pure opinion" do not qualify as defamatory statements "because such statements only 'reflect a state of mind,' and therefore generally 'cannot be proved true or false'" (quoting *Lynch v. N.J. Educ. Ass'n*, 735 A.2d 1129, 1137 (N.J. 1999))).

ATP contends that the Magistrate Judge "overlook[ed] the 'mixed opinion' authority" that ATP cited in its briefs. (Pls.' Mot. to Compel Obj. at 11.) To the contrary, the Magistrate Judge considered ATP's argument, (Order at 22, 48-51), and rejected it, finding that JustBeachyNurse's redundancy statement and monkeyhq's obsolescence statement were statements of pure opinion, rather than mixed opinion, (*id.* at 51-52).

The Court finds that the Magistrate Judge's analysis is not contrary to law. There is no "wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990). "[S]tatements couched as opinions may be unprotected if they imply a defamatory factual assertion," when viewed in context. *Hunter v. Hartman*, 545 N.W.2d 699, 706 (Minn. Ct. App. 1996). To be actionable as defamatory an opinion must be "based on facts about the plaintiff or [the plaintiff's] conduct that have neither been stated by the defendant nor assumed to exist by the parties to the communication." *Kotlikoff v. Cmty. News,* 444 A.2d 1086, 1089 (N.J. 1982); *see also Lynch*, 735 A.2d at 1137. *But see Milkovich*, 497 U.S. at 18-19 ("Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact."). Here, JustBeachyNurse stated the factual basis for her opinion and monkeyhq referred to that factual basis – that is, changes to Excelsior Exams testing programs in July 1, 2015.[3] Moreover, the Magistrate Judge noted that this underlying factual assertion is not about ATP and that fact did not cast ATP in a negative light. (Order at 52.) It is only JustBeachyNurse's and monkeyhq's opinion – applying that fact to suggest that ATP's services will no longer be useful – that implicates ATP.

---

[3] While JustBeachyNurse initially referred to changes that would occur on July 1, 2014, the Magistrate Judge and the parties agree that reading the post in context this was an error, and JustBeachyNurse meant – and a reasonable reader would understand that she meant – to refer to changes in July 2015. (*See* Order at 36 n.16; Pls.' Mot. to Compel Obj. at 9 n.3; Defs.' Resp. to Pls.' Mot. to Compel Obj. at 10, Feb. 21, 2017, Docket No. 303.)

ATP also argues that the Magistrate Judge "ignore[d] the context of [JustBeachyNurse's and monkeyhq's] statements," (Pls.' Mot. to Compel Obj. at 11), when, in fact, the Magistrate Judge included fifteen pages of context, (Order at 31-46), including the specific posting that ATP argues the Magistrate Judge ignored, (*id.* at 39). The fact that monkeyhq stated she was providing facts and not a personal opinion is not on its own determinative. Moreover, ATP ignores another portion of the thread that the Magistrate Judge highlighted, in which Plaintiff Olynyk himself disputed that monkeyhq's statements were statements of fact. (*See id.* at 52.)

Viewing the thread as a whole,

> the posters . . . were engaged in a robust give-and-take discourse regarding the pros and cons of a variety of options for schooling to become a nurse, the advisability and value of taking test prep courses to obtain degrees, and what Excelsior College in particular would and would not require to obtain a degree from it.

(*Id.* at 53.) In this context, a reasonable reader would not find that JustBeachyNurse's and monkeyhq's comments – including their redundancy and obsolescence opinions as well as the purported factual basis for those opinions – implied any "underlying objective facts that [were] false." *Ward v. Zelikovsky*, 643 A.2d 972, 979 (N.J. 1994). Thus, the Magistrate Judge did not err in finding that ATP failed to establish a prima facie claim of defamation as to JustBeachyNurse and monkeyhq.

### B. Balancing Factor

ATP also challenges the Magistrate Judge's alternative holding under the fourth prong that ATP's interests do not outweigh the possible chilling effect on First

Amendment rights. ATP contends that JustBeachyNurse's and monkeyhq's statements were not opinions and that the Magistrate Judge overstated the potential chilling effect.

The Court does not find ATP's objections persuasive. JustBeachyNurse and monkeyhq engaged in "the sharing of opinions and personal experiences for the benefit of others in the online community." (Order at 54.) As discussed above, the Court agrees that JustBeachyNurse's and monkeyhq's statements were opinions. In light of that conclusion, "[t]o permit discovery of [JustBeachyNurse's and monkeyhq's] identities would unacceptably chill this type of speech and cause others in the online community to withhold their opinions for fear of litigation." (*Id.*) Moreover, ATP "failed to make a concrete showing that [JustBeachyNurse's and monkeyhq's] opinions . . . cast it in a negative light or . . . lowered its reputation in the estimation of Allnurses' readers," and thus, the Magistrate Judge properly found the fourth prong weighed in favor of denying ATP's motion. (*Id.* at 54-55 & n.18.)

### C. Motion to Supplement

ATP objects to the Magistrate Judge's denial of its motion to supplement the record, in which ATP sought to add information that JustBeachyNurse was previously a moderator for Allnurses' website. The Magistrate Judge found that this additional information was irrelevant to the analysis of ATP's motion to compel because JustBeachyNurse was not a moderator at the time of the allegedly defamatory posting and JustBeachyNurse's prior relationship with Allnurses did not affect the Magistrate Judge's analysis that ATP failed to state a prima facie case of defamation regarding

JustBeachyNurse. (Order at 58-59.) Granting a motion to supplement the record is proper where the additional information is relevant and not previously available. *See Ortiz-Alvarado v. Gomez*, No. 14-209, 2014 WL 3952434, at *3 (D. Minn. Aug. 13, 2014).

ATP argues that the new information regarding JustBeachyNurse's relationship with Allnurses is relevant to the motion to compel because if JustBeachyNurse was acting on Allnurses' behalf it could affect the Court's analysis on the motion to compel. ATP argues that JustBeachyNurse could have been acting as Allnurses' agent or engaged in commercial speech, which may garner less protection than an anonymous member of the public. ATP overplays its hand. While the new information demonstrates that a relationship between JustBeachyNurse and Allnurses existed at some point, the Court has no reason to doubt Allnurses' statement that JustBeachyNurse's allegedly defamatory comment came more than a year after that relationship ended; therefore, there is no reason to think that JustBeachyNurse had some diminished First Amendment interest in speaking anonymously at the time of the relevant posting. Accordingly, the new information does not alter the analysis, and the Magistrate Judge properly denied ATP's motion.

Because the Court finds that the Magistrate Judge did not err in denying ATP's motion to supplement and motion to compel, the Court will overrule ATP's objections with regard to both motions.

## III. ALLNURSES' OBJECTIONS

ATP moved for leave to file an amended complaint, naming the unmasked Doe Defendants and adding several factual allegations regarding Allnurses' recent conduct. The Magistrate Judge granted ATP's motion, finding that it was filed within the scheduling order's timeline and that it was not futile. (Order at 65.) Allnurses objects to the Magistrate Judge's conclusion, arguing that the motion for leave to amend should have been denied as futile and contrary to the Communications Decency Act ("CDA") and that the Magistrate Judge erred in allowing the addition of the unmasked Does without applying the same standard that was applied to the anonymous Does.

### A. Addition of "Open Letter" Allegations

Allnurses first objects to the Magistrate Judge's conclusion regarding ATP's request to add a defamation claim based on an "open letter" regarding this case that Allnurses posted to its website. ATP alleges that the open letter was defamatory in stating that the current litigation was "meritless" and because it stated that ATP was seeking "any personally identifying information in [Allnurses'] possession." (Decl. of Richard L. Ravin, Ex. H, Nov. 11, 2016, Docket No. 233.) The Magistrate Judge considered both statements in the open letter together and rejected Allnurses' argument that these additional claims were futile, finding it improper to "conclude as a matter of law that the statements [were] not actionable, (e.g., because they are statements of pure opinion)." (Order at 63, 65.)

Allnurses disputes ATP's characterization of the facts with regard to the "personally identifying information" statement supporting ATP's open letter claim. (Defs.' Objs. at 5-6, Feb. 7, 2017, Docket No. 278.) However, the Magistrate Judge properly found that the Court applies the motion-to-dismiss standard to determine whether amendment would be futile. (Order at 64-65 (citing *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)).) The Court looks to the facts as pleaded and determines if the plaintiff failed to state a claim that would survive a Rule 12(b)(6) motion. Applying that standard, the Court finds no error in the Magistrate Judge's conclusion. While ATP's claims based on the personally identifying information statement may fail on other grounds at a later date, the Court will overrule Allnurses' objections because the factual dispute Allnurses raises does not alter the Court's proper analysis of ATP's motion for leave to amend.

Allnurses also challenges the addition of the "meritless" litigation statements, arguing that those statements are not actionable because they are protected opinion statements. Allnurses cites significant – but not binding – authority from other courts that have found similar statements were not actionable. (Defs.' Mem. in Opp'n to Mot. to Amend at 11, Nov. 17, 2016, Docket No. 235 ("[A] statement condemning an opponent's legal claims as 'baseless' is mere opinion and is not defamatory." (quoting *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 471 (S.D.N.Y. 2011))).) ATP responds that the statement is actionable because it will be verifiable, presumably at some future point once the litigation has ended. *See Janklow v. Newsweek, Inc.*, 788 F.2d 1300, 1302 (8th Cir. 1986)

(stating that verifiability is a factor in determining whether a statement is actionable). However, verifiability is not the only factor in that analysis, and ATP provides no caselaw allowing a defamation claim based on a statement as to the quality of a legal case.

The Magistrate Judge did not specifically discuss this argument, finding only that ATP's claim based on the open letter met the pleading standard. Allnurses may have a strong argument that ATP could not assert a defamation claim based on the "meritless" comment alone, invoking the caselaw described above. Nevertheless, even if ATP could not base a defamation claim on the "meritless" statement alone, the factual allegations are relevant to other claims, and thus, the Magistrate Judge did not err in allowing the amendment.

### B. Communications Decency Act

Second, Allnurses argues that the Magistrate Judge erred in allowing amendments prohibited by the CDA. In Allnurses' brief before the Magistrate Judge, it argued that the proposed amendments were futile for the reasons stated in its prior brief in support of its motion to dismiss. (Defs.' Mem. in Opp'n to Mot. to Amend at 12.) Allnurses did not substantively describe any of those arguments before the Magistrate Judge, (*id.*), and does not do so now, (Defs.' Objs. at 8). The Magistrate Judge did not err in declining to delve into Allnurses' nonspecific argument made only by reference to prior briefing. Allnurses did not point to any particular amendments or describe how they were barred by the CDA. The Court is not required to search through prior briefing and make

arguments on Allnurses' behalf. *See, e.g., Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him." (citation omitted)). To the extent Allnurses has viable CDA defenses to ATP's claims, it can raise them at a proper time; but it has not done so here. Accordingly, the Magistrate Judge did not err in rejecting Allnurses' argument based on the CDA.

### C. Addition of Unmasked Does

Finally, Allnurses argues that the Magistrate Judge erred in allowing ATP to add the unmasked Does in the Third Amended Complaint without conducting the analysis for compelled disclosure of their identities that the Court applies to still-anonymous Does, as discussed above. The Magistrate Judge noted that "the Court ha[d] already determined that the process employed to notify the John Does of the motion to compel was sufficient to protect their anonymity." (Order at 29.) The Magistrate Judge then found that the standard Allnurses requested only applies to anonymous speakers and therefore it did not apply to Pixie.RN, LadyFree28, and duskyjewel, who were no longer anonymous. (*Id.* at 30.)

Allnurses objects to the Magistrate Judge's conclusions, arguing that the Court should apply the same standard to the non-anonymous Does as it did to the anonymous Does in order to remedy what it argued was a flawed notification process. Allnurses is correct that, in proper circumstances, the Court could prevent a party from using

information – such as an anonymous party's identity – even once the party discovers that information. *See, e.g., Thomas M. Cooley Law Sch. v. Doe 1*, 833 N.W.2d 331, 337 (Mich. Ct. App. 2013) (finding inadvertently disclosed identity could still be protected "because [the] knowledge d[id] not prevent th[e] Court from granting relief that w[ould] have a practical legal effect on the controversy"). For example, the Court could prevent ATP from relying on the inadvertent disclosure of LadyFree28's identity. There is no indication, however, that ATP relied on any improper source in order to discover the unmasked Does' identities.

Indeed, there is no evidence supporting Allnurses' argument that the Court's notification process was flawed; contrary to Allnurses' present assertion, nothing suggests that the process agreed upon by the parties and the Court would necessarily result in ATP learning the Doe Defendants' identities. The Magistrate Judge and the parties took pains to provide the Doe Defendants notice and an opportunity to respond anonymously to ATP's request for their identities. Furthermore, Allnurses did not object at the time to the Magistrate Judge's order that established the notification procedure. In fact, Allnurses did not raise its concern regarding the notice's propriety until after the notice was posted, duskyjewel and LadyFree28 responded, and Allnurses learned that ATP had discovered duskyjewel's, LadyFree28's, and Pixie.RN's identities. The Magistrate Judge rejected Allnurses' request for reconsideration, finding the legal notice gave the anonymous posters a way to oppose ATP's motion without providing their personal information, and that was all the process sought to do – it was not intended to "guarantee that a John Doe's identity would not ultimately be **discovered** based on the

substance of their objections or through other means." (Letter Den. Permission to file Mot. to Reconsider at 5.)

The Court finds the Magistrate Judge's reasoning persuasive. The standard provided in the Court's prior order applies when a party is "seeking discovery of . . . information that might unmask [an] anonymous speaker." East *Coast Test Prep*, 167 F. Supp. 3d at 1024. By the plain terms of the order, the standard does not apply to a motion seeking leave to add previously anonymous defendants to a complaint after the plaintiff discovers their identities. The Court sees no reason to apply the standard to the non-anonymous Does in this case. While ATP likely learned the identities of several Doe Defendants in part based on their submissions to the Court, the disclosure was not inherent in the procedure used by the Court, and the discovery was not based on wrongdoing by ATP. ATP was free to try to identify the Doe Defendants independently, and, on the record before the Court, there is no reason to prevent ATP from adding the unmasked Doe Defendants. Accordingly, the Court will overrule Allnurses' objections.

## IV. LETTERS REGARDING STATUS UPDATE

Pursuant to the Court's prior order, the parties recently submitted letters discussing the status of this case. In its letter, Allnurses requested that the Court allow filing of a renewed motion for judgment on the pleadings. The Court will not establish a schedule for such a motion at this time. Due to the recent developments in this case, the Court directs the parties to reassess, in conjunction with the Magistrate Judge, the proper progression of the case, including when substantive briefing on Allnurses' CDA defenses

will be appropriate – i.e., when the pleadings have closed or when it becomes clear that the discovery of the additional defendants' identities is impossible or will result in significant delay.  (*See* Mem. Op. & Order Den. J. on Pleadings at 3, Dec. 20, 2016, Docket No. 250.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** ATP's objections [Docket Nos. 279, 280] and Allnurses' objections [Docket No. 278] and **AFFIRMS** the Magistrate Judge's order [Docket No. 267].

DATED:  May 22, 2017  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court