# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| East Coast Test Prep, LLC, d/b/a Achieve Test Prep, and Mark Olynyk, <br><br> Plaintiffs, <br><br> v. <br><br> Allnurses.com, Inc.; ABC Companies 1–10; John Does 1–10; David R. Smits, as Administrator of the Estate of Brian Short; Lisa Dukes; and Uhura Russ, <br><br> Defendants, <br><br> Uhura Russ, <br><br> Counter-claimant, <br><br> v. <br><br> East Coast Test Prep LLC and Mark Olynyk, <br><br> Counter-defendants. | Case No. 15-cv-3705 (JRT/SER) <br><br><br><br><br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Uhura Russ's ("Russ") Renewed Motion for Dismissal of Claim ("Third Mot. to Dismiss") [Doc 369]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. [Doc. No. 371]. For the reasons stated below, the Court recommends denying Russ's Third Motion to Dismiss without prejudice.

## I.   BACKGROUND

### A.   Factual Background

This case is factually dense and was previously described in detail in both this Court's previous Report and Recommendation and an order from the Honorable Janie S. Mayeron. (R&R Dated May 19, 2017, "May R&R") [Doc No. 336]; (Order Dated June 7, 2017 adopting the May R&R) [Doc. No. 344]; *see also* (Order Dated Jan. 24, 2017, "Order 267") [Doc. No. 267 at 2–20]. For this reason, only those facts pertinent to the instant motion are described here.

Plaintiff East Coast Test Prep, LLC, d/b/a Achieve Test Prep ("ATP") provides test preparation services for individuals who intend to enter various career fields, including nursing. (Third Am. Compl., "TAC") [Doc. No. 268 at ¶ 25]. Defendant Allnurses.com, Inc. ("Allnurses") runs a website that describes itself as "the collective voice of the nursing community, supporting the profession by providing a place where nurses can network, share and learn from their peers." (*Id.* ¶ 39) (internal quotation marks omitted). Members may post comments or questions and receive responses from other members on "a range of topics in the field of nursing, including but not limited to education and required coursework/exams for licensure." (*Id.* ¶ 42).

On February 12, 2013, a member posed a thread entitled "Achieve Test Prep . . . anyone?" that contained "an extended discussion about the advantages and disadvantages of using ATP's test prep services in conjunction with" a registered nurse program at Excelsior College. (*Id.* ¶¶ 125–26). ATP alleges that several statements in the thread are false and defamatory. *See* (*id.* ¶¶ 132–41, 147–51, 185–208).

> ATP alleged that all of the false statements about ATP by the John Does [anonymous posters] were made with negligence as to their falsity, with reckless disregard as to whether the statements were true or false, or with knowledge as to

their falsity; the statements were made willfully or maliciously; the statements were made in bad faith; and as a result, ATP's business was harmed.

(Order 267 at 12) (citing Second Amended Complaint, "SAC" ¶¶ 183–85).[1] In addition to defamation, ATP alleges several other claims against the various defendants. *See* (TAC ¶¶ 380–604).

As it relates to this motion, ATP alleges defamation, trade libel, and tortious interference with prospective economic advantage against Russ.[2] *See* (TAC ¶¶ 380–88, 403–08, 565–78).

### B.  Procedural Background

For the purposes of the pending motion, the following procedural history is relevant. On January 27, 2017, Plaintiffs filed the TAC, which is now the operative pleading. *See* (TAC). Russ now moves to dismiss the TAC.[3] *See* (Third Mot. to Dismiss).

The Court heard oral argument on August 22, 2017, and the matter is now ripe for adjudication. *See* (Minute Entry Dated Aug. 22, 2017) [Doc. No. 407].

## II.   DISCUSSION

Russ seeks dismissal of the TAC pursuant to Federal Rules of Evidence 403(a) and 608(a). *See generally* (Mem. of Law in Supp. Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 370-1].[4] Russ also argues ATP violated her due process rights. (*Id.*). Russ's memorandum, however,

---

[1] Order 267 cites the SAC. The same allegations can be found in the TAC in paragraphs 185–208. *See* (TAC ¶¶ 185–208).

[2] Russ allegedly made the postings anonymously using the pseudonym LadyFree28. *See* (TAC ¶¶ 12, 21).

[3] Russ previously moved to dismiss the SAC. For a history of Russ's motion practice and the Court's rulings, see this Court's R&R which Chief Judge Tunheim subsequently adopted. *See* (R&R Dated May 19, 2017) [Doc No. 336]; (Order Dated June 7, 2017) [Doc. No. 344].

[4] It appears that there was an error in Russ's filing of her Memorandum and only a portion was filed as Doc. No. 370. A full version of Russ's Memorandum appears to be filed as Doc. No. 370-1. The Court will consider the arguments set forth in Doc. No. 370-1 and encourages Russ to review the Pro Se Civil Guidebook and Information Sheets available on the United States District Court District of Minnesota website for guidance on court procedures and e-filing.

fails to articulate a standard under which this Court should analyze her motion. Moreover, Russ's memorandum is void of any legal precedent supporting her request for dismissal that would meet any standard required to dismiss claims asserted against her in the TAC. Accordingly, this Court recommends dismissal of Russ's Third Motion to Dismiss without prejudice.

### A.     Legal Standard

Under Rule 12(b) of the Federal Rules of Civil Procedure, a party can bring a motion to dismiss for the following reasons: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. Here, Russ has not specified the rule under which she brings her motion to dismiss, but based on her argument, this Court assumes Russ is alleging the Plaintiff failed to state a claim upon which relief can be granted.[5]

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint contains "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). A court accepts the facts alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). Legal conclusions "must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

---

[5] *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

relief." *Iqbal*, 556 U.S. at 679. To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When "matters outside the pleadings are presented to and not excluded by the court" in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the motion must be considered a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). But materials that are a matter of public record or necessarily embraced by the pleadings may be considered in the court's discretion without converting a motion to dismiss to a motion for summary judgment. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

Pro se pleadings are to be construed liberally, however, they may not be "merely conclusory." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2002).

**B.     Analysis**

Russ does not identify which Federal Rule of Civil Procedure serves as the basis for her motion. Russ does, however, make multiple references to Federal Rule of Evidence 403 and 608(a). (Mem. in Supp. at 1). Typically, the Federal Rules of Evidence have no impact on a motion to dismiss, and Russ has not presented testimony or case law that suggests this case should be handled differently at this stage. Even when liberally construing Russ's motion to dismiss, and assuming she meant to bring her motion under Rule 12(b)(6), Russ has not articulated any legal or factual support for her motion that illustrates that ATP's allegations in the TAC fail "to state a claim to relief that is plausible on its face." *Nelson*, 601 F.3d at 848 (citation and internal quotation marks omitted).

Russ also appears to question jurisdiction, however it is unclear whether she is arguing personal jurisdiction or is challenging choice of law. *See* (Mem. in Supp. at 1) (stating "the Plaintiffs may argue to enforce local Minnesota Rules; however, since the defendant does not live in Minnesota or in New Jersey, nor does business in either of the aforementioned states and has lived in Pennsylvania for almost 30 years, the federal rule, shall take precedence in this matter"). Personal jurisdiction is the power of a court to enter "a valid judgment imposing a personal obligation or duty" against a defendant and for a plaintiff. *Kulko v. Superior Court of Cal.,* 436 U.S. 84, 91 (1978). Personal jurisdiction can arise out of specific jurisdiction or general jurisdiction. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The party seeking personal jurisdiction has the burden of proof, but only needs to "make a prima facie showing of jurisdiction" to defeat a motion to dismiss. *Id.* at 592. The court must view evidence in favor of the party seeking jurisdiction. *Id.* Because Russ's motion fails to articulate her allegations or provide factual evidence or legal support for her concerns regarding jurisdiction, the Court cannot grant Russ's motion to dismiss under Rule 12(b)(2).

Finally, Russ claims that ATP violated her due process rights because it failed to contact her prior to filing the complaint and because ATP did also not sue individuals who posted anonymously on the Better Business Bureau website. (Mem. in Supp. at 1–3). These conclusory allegations have no basis in law and are not a valid reason for dismissal of the TAC. Due process rights stem from the Fourteenth Amendment of the Constitution which provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law…" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). However, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 937. Here, Russ fails to state any misconduct by a state actor.

Moreover, regardless of whether we look to Pennsylvania, Minnesota or New Jersey law, there is no legal obligation requiring ATP to contact Russ prior to initiating a claim for defamation. *See* 42 Pa.C.S.A § 8343(a) (Pennsylvania statute listing the elements of defamation); *see also Keuchle v. Life's Companion P.C.A., Inc.*, 653 N.W.2d 214, 218 (Minn. Ct. App. 2002) (Minnesota test requires Plaintiff claiming defamation to prove "(1) that the statement was false; (2) that it was communicated to someone besides the plaintiff; and (3) that it tended to harm the plaintiff's reputation and lower him in the estimation of the community"); *see also G.D. v. Kenny*, 411 N.J. Super. 176, 186 (App. Div. 2009), *aff'd,* 205 N.J. 275 (2011) (Listing the elements of a defamation claim in New Jersey as "1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher").

Finally, Russ's allegations in connection to anonymous postings on the Better Business Bureau's website would require this Court to review matters outside of the pleadings, which in turn would covert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). While materials that are of public record or necessarily embraced by the pleadings can be considered by a court without converting a motion to dismiss into one for summary judgment, Russ does not allege the anonymous postings on the Better Business Bureau's website fit either of these exceptions. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003); *see also* (Third Mot. to Dismiss). Even if this Court were to consider the anonymous postings on the Better Business Bureau's website, they are irrelevant to Russ's motion to dismiss. Ordinarily, "a plaintiff is the master of his complaint." *BP Chems. Ltd. v. Jiangsu Sopo Corp.,* 285 F.3d 677, 685 (8th Cir. 2002). While there are instances when a person is required to be joined as a party to a lawsuit under Federal Rules of Civil Procedure 19(a)(1)(A) or 19 (a)(1)(B), Russ has not made

7

such an argument, and the addition of the anonymous parties would have no bearing on Russ's current motion to dismiss. Accordingly, Russ's arguments regarding the anonymous postings on the Better Business Bureau's website are not a basis for dismissal of ATP's TAC.

As such, this Court recommends dismissal of Russ's Third Motion to Dismiss without prejudice. Should Russ be able to articulate a legal and factual basis for relief, she may refile at a later date within the constraints of the Federal Rules of Civil Procedure.

### III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Uhura Russ's Motion for Dismissal of Claim [Doc. No. 369] be **DENIED without prejudice**; and

2. Uhura Russ be ordered to submit a responsive pleading to the Third Amended Complaint [Doc. No. 268] within 30 days.[6]

Dated: November 27, 2017

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[6] "Responsive pleading" includes any counterclaims Russ claims to have against TPK.