# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| EAST COAST TEST PREP LLC d/b/a Achieve Test Prep, and MARK OLYNYK<br><br>Plaintiffs,<br>vs.<br><br>ALLNURSES.COM, INC., DAVID R. SMITS, as Administrator of the Estate of Brian Short, ABC COMPANIES 1-10 JOHN DOES 1-10, LISA DUKES, JENNIFER MOELLER, and UHURA RUSS,<br><br>Defendants. | Court File No. 15-cv-03705 (JRT/SER) |

## **DEFENDANT RUSS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR ALTERNATELY FOR IMPROPER VENUE**

## INTRODUCTION

Defendant Jennifer Moeller moved to dismiss the claims against her in this case because this court lacked jurisdiction over her. Quite simply, Ms. Moeller submitted evidence that she had no connection of any kind with the state of Minnesota and the Court therefore had no jurisdiction over her.

The same is true for Defendant Russ. *See* Russ Declaration ("Russ Dec."), filed herewith.

Plaintiffs did not even bother to oppose Defendant Jennifer Moeller's motion to dismiss for lack of personal jurisdiction, which this Court granted. *See* ECF Dkt. # 409 (8/23/17 R&R); ECF Dkt. # 414 (9/15/2017 Order).

It is respectfully submitted that Plaintiffs did not oppose Ms. Moeller's motion because resistance would have been futile and the same is true regarding the present motion on behalf of Ms. Russ.

For the same reason (i.e., that Ms. Russ has no connection or tie to Minnesota of any kind), this court cannot impose personal jurisdiction over her.

Alternately, Plaintiffs' complaint against Defendant Russ should be dismissed due to improper venue. *See* Proposed Order (filed herewith).

## ARGUMENT

## I. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT RUSS.

As a matter of U.S. constitutional law, courts may only exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. *Bell v. Fischer*, 887 F. Supp. 1269, 1277-78 (N.D. Iowa 1995). To impose personal jurisdiction on a defendant, "there must be some act by which the defendant purposefully avails itself of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* As evidenced by Ms. Russ' declaration she has no ties of any kind to this state.

## II. THIS VENUE IS IMPROPER AS TO DEFENDANT RUSS.

Venue is "the place where the power to adjudicate is to be exercised, the place where the suit may be or should be heard." *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7, 11 (8th Cir. 1965) (citing 56 Am. Jur. Venue, § 2, and 92 C.J.S. Venue § 1). The Eighth Circuit Court of Appeals has recognized that "[v]enue requirements exist for the benefit of defendants." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 928 (8th Cir. 1997) (quoting *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996)). More specifically, "[o]ne of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (quotation omitted).

"When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." *Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).

In ruling on a motion to dismiss for improper venue, "the allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d 1156, 1161 (N.D. Cal.). Again, it makes no sense for Plaintiffs, residents of New Jersey, to sue Defendant Russ, a resident of Philadelphia, Pennsylvania in Minnesota. It is irrational, and it imposes an undue hardship on Defendant Russ.

### III. DEFENDANT RUSS HAS NOT WAIVED HER RIGHT TO RAISE PERSONAL JURISDICTION AND IMPROPER VENUE DEFENSES.

In counsel's meet and confer prior to bringing the present motion, Plaintiffs' counsel suggested that Ms. Russ had waived her right to raise these defenses because she brought counterclaims and because she has made appearance in this lawsuit in her own defense.

First, waiver is the knowing and voluntary surrender of a known right. If these words "knowing and voluntary" are to have any actual meaning, Ms. Huss did not waive anything. For example, she was not informed of her right. She was not asked if she wanted to invoke her right.

Second and relatedly, *pro se* litigants are held to a lesser standard than represented parties. *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir.

2010) (citation omitted) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). It would be unfair and unjust to hold that Defendant Russ waived a defense that she did not know existed.

## CONCLUSION

Because this Court does not have jurisdiction over Defendant Uhura Russ, Plaintiffs' case against her should be dismissed. Alternately, it should be dismissed due to the improper venue.

LEVENTHAL pllc

Dated: May 8, 2018

By:/s/*Seth Leventhal*

Seth Leventhal (Minn. Bar #0263357)
527 Marquette Ave. S. Suite 2100
Minneapolis, MN 55402
Telephone: (612) 217-4273
Email: seth@leventhalpllc.com

*Attorneys for Defendant Russ*

4810-5209-4309, v. 1