UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EAST COAST TEST PREP LLC *d/b/a* Achieve Test Prep and MARK OLYNYK,<br><br>Plaintiffs,<br><br>v.<br><br>UHURA RUSS,<br><br>Defendant. | Civil No. 15-3705 (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |

Richard L. Ravin, **HARTMAN & WINNICKI, P.C.**, 74 Passaic Street, Ridgewood, NJ 07450, Charles S. Kramer, **RIEZMAN BERGER, P.C.**, 7700 Bonhomme Avenue, Seventh Floor, St. Louis, MO 63105, and Robert A. Lengeling and Thomas M. Beito, **BEITO & LENGELING, PA**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415, for plaintiffs.

Seth J. Leventhal, **LEVENTHAL, PLLC**, 527 Marquette Avenue South, Number 2100, Minneapolis, MN 55402, for defendant.

Defendant Uhura Russ, who posted under the username LadyFree28 on the discussion forums of the website Allnurses.com, brings a motion to dismiss defamation-related claims brought by Plaintiffs East Coast Test Prep LLC, doing business as Achieve Test Prep, and its president Mark Olynyk (collectively, "ATP"). ATP brings a cross-motion to transfer the case to Pennsylvania. The Court will conclude that it lacks personal jurisdiction over Russ, that Russ has not waived her right to assert a jurisdictional defense, and that the interests of justice strongly favor dismissal over transfer. Accordingly, the Court will deny ATP's cross-motion, grant Russ's motion, and dismiss the case.

**BACKGROUND**

These motions deal with the last vestiges of a sprawling defamation action brought in response to a series of mildly disparaging remarks made about ATP by users of the Minnesota-based website Allnurses.com.

Plaintiff East Coast Test Prep LLC is a New Jersey corporation doing business as ATP. (3d Am. Compl. ("Compl.") ¶ 1, Jan. 24, 2017, Docket No. 268.) Plaintiff Mark Olynyk owns East Coast Test Prep and lives in New Jersey. (*Id.* ¶¶ 2, 26.) Former Defendant Allnuses.com, Inc., is a Minnesota corporation operating the website http://www.allnurses.com. (*Id.* ¶¶ 3-4.) Defendant Uhura Russ is a Pennsylvania resident who actively posted to the Allnurses.com forums under the user name LadyFree28. (*Id.* ¶ 21.) She posted to the forum on average 26 times per month for nearly 10 years. (*Id.* ¶¶ 251-52.) Russ states by affidavit that she has no contacts of any kind with Minnesota. (Decl. of Uhura Russ ("Russ Decl.") ¶¶ 2-6, May 8, 2018, Docket 431.)

Russ participated in a discussion thread titled "Achieve Test prep.... anyone?" in the Allnurses.com "Excelsior College Online Nursing" forum. (Compl. ¶¶ 63-64.) Users in the thread discussed the merits (or lack thereof) of ATP's test-prep services; the allegedly defamatory statements included comments that Excelsior College warns students about third-party test prep, that third-party test prep companies are redundant or obsolete or will become so shortly, and that ATP was or is under federal investigation. (*Id.* ¶¶ 125, 139, 183, 188, 189, 210, 225, 228, 229.) ATP brought defamation, contract, fraud, and trademark claims against Allnurses and its users, alleging that Allnurses schemed with its

users and sponsors to post false statements about ATP that would drive potential customers to ATP's competitors. (*See generally id.*)

In September 2017, the Court dismissed ATP's claims against Defendant Jennifer Moeller, an Allnurses user, for lack of personal jurisdiction. (Order, Sept. 15, 2017, Docket No. 414.) In January 2018, the Court dismissed all claims against Allnurses, moderator Lisa Dukes, and the anonymous Defendants. *East Coast Test Prep LLC v. Allnurses.com* (*Dismissal Order*), 307 F. Supp. 3d 952, 974-75 (D. Minn. 2018). The sole remaining claims are the three counts against Russ: Defamation (Count 1), Trade Libel (Count 3) and Tortious Interference with Prospective Economic Advantage (Count 14). *Id.* at 974.

Russ has filed four motions to dismiss those claims. In October 2016, Russ filed a motion to dismiss the Second Amended Complaint and a counterclaim against ATP. (Sealed Mot. to Dismiss, Oct. 3, 2016, Docket No. 188; Sealed Counterclaim, Oct. 3, 2016, Docket No. 184.) Because Russ (then proceeding anonymously) included identifying information in her filings, they were sealed and replaced by redacted versions. (Redacted Counterclaim, Nov. 2, 2016, Docket No. 219; Am. Mem. Op. & Order, Oct. 26, 2016, Docket No. 210; Redacted Mot. for Dismissal of Claim ("1st MTD"), Oct. 4, 2016, Docket No. 188.) After the Magistrate Judge recommended granting ATP leave to file the Third Amended Complaint, Russ filed a second motion to dismiss. (Mot. to Dismiss 3d Am. Compl. ("2d MTD"), Feb. 16, 2017, Docket No. 291.) Subsequently, Russ's first motion to dismiss was denied as moot because the Second Amended Complaint was no longer operative, and her second motion was denied without prejudice because Allnurses had objected to the Magistrate Judge's order allowing another amendment. *East Coast Test*

*Prep, LLC v. Allnurses.com, Inc.* (*1ˢᵗ R&R*), No. 15-3705, 2017 WL 2480615 (D. Minn. May 19, 2017), *adopted by* No. 15-3705, 2017 WL 2468960 (D. Minn. June 7, 2017). Russ filed her third motion to dismiss after the objection was overruled. (2d Mot. to Dismiss 3d Am. Compl. ("3d MTD"), July 2, 2017, Docket No. 369), but it was denied without prejudice because she failed to articulate sufficient legal or factual support, *East Coast Test Prep, LLC v. Allnurses.com* (*2d R&R*), No. 15-3705, 2017 WL 6459457 (D. Minn. Nov. 28, 2017), *adopted by* No. 15-3705, 2017 WL 6496435 (D. Minn. Dec. 18, 2017).

Russ has now filed her fourth motion to dismiss. (Mot. to Dismiss ("4ᵗʰ MTD"), May 8, 2018, Docket No. 430.) Arguing for the first time with the benefit of counsel, Russ explicitly moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) and (3). (*Id.*) ATP filed a cross-motion to transfer the case to the Eastern District of Pennsylvania. (Mot. to Transfer, May 29, 2018, Docket No. 437.)

Those two motions are now before the Court.

## DISCUSSION

Primarily at issue is whether the Court may assert personal jurisdiction over Russ. The Court will conclude that it lacks personal jurisdiction over Russ because she lacks the requisite minimum contacts with Minnesota and that she did not waive her right to assert this jurisdictional defense because her pro se filings – when construed liberally – presented challenges to personal jurisdiction and venue. Because transfer would not be in the interest of justice, the Court will deny ATP's cross-motion to transfer, grant Russ's motion to dismiss the charges against her, dismiss the counts against her, and dismiss this case.

## I. MOTION TO DISMISS

### A. Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a party may move to dismiss claims for lack of personal jurisdiction. To survive a 12(b)(2) motion to dismiss, the plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to personal jurisdiction. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). "[T]he action should not be dismissed for lack of jurisdiction if the evidence, viewed in the light most favorable to [the plaintiff], is sufficient to support a conclusion that the exercise of personal jurisdiction over [the defendant] is proper." *Id.* However, conclusory allegations devoid of a factual foundation do not suffice. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073-74 (8th Cir. 2004).

The Court may only exercise personal jurisdiction over a nonresident to the extent that the exercise is authorized by Minnesota's long-arm statute and consistent with the U.S. Constitution's Due Process Clause. *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., Inc.,* 63 F.3d 694, 696-97 (8th Cir. 1995). Minnesota has interpreted its long-arm statute to authorize personal jurisdiction "as far as the Due Process Clause of the federal constitution allows." *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992). Therefore, the Court need only determine whether exercise of personal jurisdiction here would comport with due process. *Minn. Mining & Mfg.* at 697.

Due process requires sufficient "minimum contacts" with the forum state so as not to offend "traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co.*

*v. Washington*, 326 U.S. 310, 316 (1945)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In the Eighth Circuit, courts look to "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "[D]ue process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." *Id.*

The sole Minnesota contacts plausibly alleged by ATP are Russ's posts to the Allnurses.com forum, which is operated by a Minnesota corporation.[1] Although ATP

---

[1] ATP also alleges that Russ consented to jurisdiction in Minnesota by agreeing to a jurisdictional-consent term in the Allnurses.com terms of service agreement. (Defs.' Mem. Opp. Mot. to Dismiss at 4-5, May 29, 2018, Docket No. 436.) But ATP advances this argument only in its briefing, which is insufficient to contest Russ's affidavit. *Dever*, 380 F.3d at 1072-73. Moreover, there is nothing in the record indicating that Russ agreed to the term: ATP alleges that Russ last posted on April 5, 2015, (3d Am. Compl. ¶ 251), while the relevant term was added on March 7, 2017, *compare* Terms of Service, Allnurses.com, https://allnurses.com/terms-info.html (last visited August 9, 2018) (current agreement stating that the term was added on March 7, 2017), *with* Terms of Service, WayBack Machine, https://web.archive.org/web/20170307063222/https://allnurses.com/terms-info.html (last visited August 9, 2018) (March 7, 2017, Internet Archive capture of the pre-update agreement). Finally, there is no reason to believe that ATP would be party to an agreement between Allnurses and Russ in any event. This argument is so implausible that it is difficult to imagine any legitimate purpose for bringing it. *See* Fed. R. Civ. P. 11(b)(1).

convincingly submits that Russ posted often on a Minnesota-based website, the other four factors strongly disfavor finding jurisdiction. Her noncommercial[2] posts "do[ ] little more than make information available to those who are interested in it." *Lakin v. Prudential Sec.*, 348 F.3d 704, 710-11 (8th Cir. 2003) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).[3] ATP's causes of action against Russ arise from a single post, *see Dismissal Order*, 307 F. Supp. 3d at 959, so the relationship between them and the totality of Russ's contacts is tenuous. Neither Russ nor ATP are residents of Minnesota. And Minnesota is an inconvenient forum for both parties.

---

[2] ATP previously advanced the spurious allegation that Russ and other Allnurses users were paid to post. (Compl. ¶¶ 254-255.) The Court found that allegation implausible because it lacked even a "scintilla" of factual or evidentiary foundation. *Dismissal Order*, 307 F. Supp. 3d 952, 971-72. As such, this allegation cannot confer personal jurisdiction. *Dever*, 380 F.3d at 1073.

[3] The *Zippo* test is generally used to determine whether a defendant availed itself of a jurisdiction by placing the defendant's website on a spectrum between one that "clearly does business over the internet" and one that "does little more than make information available to those who are interested in it," with "interactive Web sites where a user can exchange information with the host computer" in between. *Lakin*, 348 F.3d at 710-11 (quoting *Zippo*, 952 F. Supp. at 1124). For instance, when ATP argued for jurisdiction over Allnurses in New Jersey based in part on *Zippo*, the district court stated that Allnurses.com "appears to fall into the passive website category." (Order, Aug. 28, 2015, Docket No. 41.) But many courts have observed that *Zippo* is unilluminating when, as here, the defendant posted content on a third-party website. *See Foley v. Yacht Mgmt. Grp., Inc.*, No. 08-7254, 2009 WL 2020776, at *3 n.1 (N.D. Ill. July 9, 2009) (collecting cases). Nevertheless, the Eighth Circuit described *Zippo* as sparking at least an "instructive" flicker in such situations. *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). One district court concluded that the Eighth Circuit must have analyzed the defendant's posts, not the third-party website where they were posted. *Sioux Transp., Inc. v. XPO Logistics, Inc.*, No. 5:15-05265, 2015 WL 9412930, at *6-7 & nn.5-7 (W.D. Ark. Dec. 22, 2015) (applying *Zippo* to the defendant's posts while questioning the usefulness of doing so). Because it defies reason to analyze the nature of a website to determine jurisdiction over its users, the Court takes the same approach here.

Because it cannot be said that Russ purposefully availed herself of Minnesota – let alone that she "purposely directed [her] activities at forum residents," *Burlington Indus.*, 97 F.3d at 1102 – the Court concludes that it lacks personal jurisdiction over her.

**B.     Waiver**

Because the requirement of personal jurisdiction is an individual right that stems from the Due Process Clause, a defendant may waive it. *Ins. Corp. of Ir. v. Compagnie des Bauxites des Guinee*, 456 U.S. 694, 703 (1982). Although "waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), a personal-jurisdictional defense may be unintentionally waived by failing to raise it in a Rule 12 motion or responsive pleading, *see* Fed. R. Civ. P. 12(h)(1). Here, there is no indication that Russ intended to relinquish her rights. As such, the sole question is whether she did so unintentionally by failing to raise the defense in her previous filings. The Court will conclude that she did not.

Pro se filings are held to a less stringent standard than formal submissions drafted by lawyers, regardless of how inartfully pleaded they may be. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haggy v. Solem*, 547 F.2d 1363, 1364 (8th Cir. 1977). The question is whether the pro se party "inartfully raised factual issues that implicated legal propositions that [s]he could not reasonably be held responsible for articulating" such that the filing may be reasonably construed as raising the legal proposition. *Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001). The core argument contained in each of Russ's pro se pleadings may fairly be summed up as follows: "Why am I being haled into court

in Minnesota? I have nothing to do with this dispute!" Although this argument undoubtedly presents a merits challenge, Russ has raised factual issues that implicate jurisdictional and venue challenges as well.

Russ's first motion to dismiss argued that she should be dismissed because there was "NO BASIS in being attached to the complaint; [Russ] is not an interested business or party affiliated with AllNurses.com." (1st MTD at 2.) The Court construes this statement as an argument that Russ did not have any commercial contacts with the state of Minnesota and that there was no relation between her posts and ATP's causes of action. Furthermore, Russ filed a counterclaim the same day explaining that she was a Pennsylvania resident, denying any compensatory relationship with Allnurses, and stating that she was unable to secure pro bono representation due to the "location of [the] lawsuit and geographical location." (Redacted Counterclaim at 7.) The Court finds these facts sufficient to implicate challenges to both personal jurisdiction and venue.[4] As such, the Court construes Russ's first set of filings as raising both challenges.

Russ's second motion to dismiss was brought when her first motion was still pending. As such, it is of no moment whether the second motion raised a jurisdictional

---

[4] Setting aside the fact that Russ's counterclaim itself alleges facts sufficient to implicate a jurisdictional challenge, ATP submits that Russ waived her right to assert a jurisdictional defense simply filing a counterclaim. (Defs.' Mem. Opp. Mot. to Dismiss at 2, 8, 10-11.) Not so. "The general rule is that a defendant does not waive an asserted jurisdictional defense when [her filing] also requests relief in the form of a counterclaim, a cross-claim, or a third-party claim." *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008) (collecting cases). As such, this argument is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

challenge. Nevertheless, the Court notes that Russ's memorandum in support of her second motion referenced facts contained in her contemporaneously-filed Proposed Amended Counterclaim. (Mem. Supp. 2d MTD, Feb. 16, 2017, Docket No. 292.) Although Russ was denied leave to amend, *1st R&R*, 2017 WL 2468960 at *4, it is notable that the Proposed Amended Counterclaim reiterated Russ's factual allegations from her initial counterclaim, (Proposed Am. Counterclaim at 7, Feb. 16, 2017, Docket No. 285). As such, to the extent necessary, the Court construes Russ's second set of filings as renewing her challenges to both jurisdiction and venue.

Russ's third motion to dismiss was brought after the first two were denied and the Court accepted ATP's Third Amended Complaint. As the Magistrate Judge noted in his R&R, Russ's third motion to dismiss also "appears to question jurisdiction." *2d R&R*, 2017 WL 6459457 at *3. Russ sought dismissal on the grounds of a due process violation and again referenced her counterclaim. (3d MTD at 1, 4.) And Russ's memorandum in support of her third motion stated that she "does not live in Minnesota or in New Jersey, nor does business in either of the aforementioned states and has lived in Pennsylvania for almost 30 years." (Mem. Supp. 3d MTD, July 5, 2017, Docket No. 370.) As such, the Court construes Russ's third motion to dismiss as renewing her challenge to jurisdiction – and finds that her still-operative counterclaim provides an independent ground for her to maintain her challenges to both jurisdiction and venue.

To compel a pro se defendant who did not purposely direct any activities at this state and repeatedly attempted to challenge the Court's authority to hear her case to appear in Minnesota would contradict the notion of fair play and justice fundamental to personal

jurisdiction. Because personal jurisdiction is a due process right, pro se motions are to be liberally construed, and Russ has consistently alleged facts sufficient to challenge personal jurisdiction, the Court concludes that she did not waive her right to do so.

## II.  CROSS-MOTION FOR TRANSFER

ATP argues that the Court must consider whether this case should be transferred to the Eastern District of Pennsylvania, where Russ resides. Per statute, when a "a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer" the case to a court where it could have been initially brought. 28 U.S.C. § 1631.

As an initial matter, the plain text of the statute suggests that it does not apply here: ATP filed this action in New Jersey state court; it was transferred here. Moreover, although the plain text of the statute suggests that it applies whenever jurisdiction is wanting, the Eighth Circuit has explained that "Section 1631 was enacted so that parties confused about which court has subject-matter jurisdiction would not lose an opportunity to present the merits of a claim by filing in the wrong court and then, upon dismissal, having the claim barred by a statute of limitations." *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997). "Although the courts are rather evenly divided on the subject, the better view is that Section 1631 is limited to subject matter jurisdiction defects and does not address problems with personal jurisdiction or venue." 15 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 3842 (4th ed.). Because Russ is successfully challenging

personal jurisdiction, not subject-matter jurisdiction, it is not at all clear that Section 1631 applies in this case.

However, in a recent unpublished opinion, the Eighth Circuit remanded a case for a district court to consider whether transfer was appropriate when the district court lacked personal jurisdiction. *Johnston v. Wilkins*, 709 F. App'x 404, 405 (8th Cir. 2018); *see also Preston v. Wisc. Staffing Servs., Inc.*, No. 12-797, 2012 WL 2906589, at *1 (D. Minn. July 16, 2012). As such, out of an abundance of caution, the Court proceeds with the Section 1631 analysis. It will be quick work, because ATP has submitted no argument as to why transfer would be in the interests of justice – and the Court can conceive of none. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (interpreting Section 1631). The Court has dismissed every claim against every other defendant in this case – almost all on the merits. *See Dismissal Order*, 307 F. Supp. 3d 952 at 974-75. As such, the interests of justice counsel dismissal, not transfer. The Court will therefore deny ATP's motion to transfer, grant Russ's motion to dismiss, and end this case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Uhura Russ's Motion to Dismiss [Docket No. 430] is **GRANTED**.
2. Plaintiffs' Cross-Motion to Transfer [Docket No. 437] is **DENIED**.

3. The present action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 9, 2018                       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                          Chief Judge
                                           United States District Court